THE CHICAGO & NORTHWESTERN RAILWAY COMPANY

v.

JANE BLISS, Adm'x, etc.

1. MASTER AND SERVANT — COMMON EMPLOYMENT. — A trackman, employed to repair a railroad track, and an engineer employed upon an engine belonging to the same company, are not fellow servants, engaged in a common employment, so that there can be no liability on the part of the railway company for injuries received by one through the negligence of the other.

2. CONTRIBUTORY NEGLIGENCE.—Where a person, perceiving or having the means of perceiving by the exercise of ordinary care, that danger is imminent if he pursues a certain line of conduct, nevertheless pursues it for the advantage supposed to be offered thereby, declining another which he

sees to be certainly safe, in the belief that he will be able to escape, and is overtaken by the danger, he is chargeable with a want of ordinary care, and must suffer the consequences to which he has contributed.

APPEAL from the Circuit Court of Whiteside county; the Hon. JOHN V. EUSTACE, Judge, presiding. Opinion filed June 17, 1880.

Mr. B. C. COOK, for appellant; that if the accident happened to deceased through the conduct of his fellow trackmen with him, no recovery can be had, cited T. W. & W. R'y Co. v. Durkin, 76 Ill. 395; Noble v. Cunningham, 74 Ill. 51; Gartland v. T. W. & W. R'y Co. 67 Ill. 498; C. C. & I. C. R. R. Co. v. Troesch, 68 Ill. 548.

There was lack of ordinary care on the part of the deceased and those with him in avoiding the danger, and there can be no recovery: C. & A. R. R. Co. v. Jacobs, 63 Ill. 178; T. W. & W. R. R. Co. v. Jones, 76 Ill. 311; Ill. Cent. R. R. Co. v. Hodgden, 85 Ill. 481; Burling, Adm'r, v. Ill. Cent. R. R. Co. 85 Ill. 18; Ill. Cent. R. R. Co. v. Hammer, 85 Ill. 527.

Instructions upon questions not in the case should not be given: Badger v. Batavia Mfg. Co., 70 Ill. 302; Ill. Cent. R. R. Co. v. Benton, 69 Ill. 174; American v. Rimpert, 75 Ill. 228; Ill. Cent. R. R. Co. v. Cragin, 71 Ill. 177.

Instructions must be based on the evidence: Andrews v. Ketchum, 77 Ill. 377; Straus v. Minzesheimer, 78 Ill. 402; American v. Rimpert, 75 Ill. 288; Russell v. Minteer, 83 Ill. 150; I. & St. L. R. R. Co. v. Miller, 71 Ill. 463.

As to the evidence of the speed with which the engine was running: G. R. & I. R. R. Co. v. Huntley, 7 Cent. Law Jour. 387; D. & M. R. R. Co. v. Van Steinberg, 17 Mich. 99.

The track repairer and engineer were fellow servants: C. & A. R. R. Co. v. Murphy, 53 Ill. 339; Honner v. Ill. Cent. R. R. Co. 15 Ill. 550; Farwell v. B. & W. R. R. Co. 4 Met. 49.

A servant engaging for any particular service, takes it with the hazards incident to it, and cannot recover for an injury occasioned thereby: Ill. Cent. R. R. Co. v. Cox, 21 Ill. 20; C. C. & I. C. R. R. Co. v. Troesch, 67 Ill. 548; Wright v. N. Y. Cent. Co. 25 N. Y. 562; Hayden v. Smithville Mfg. Co. 29 Conn. 548;

Keegan v. Western R. R. Co. 4 Sel. 175; C. & A. R. R. Co. v. Keefe, 47 Ill. 108; Sherman v. Rochester & S. R. R. Co. 17 N. Y. 156; Lehigh Valley Coal Co. v. Jones, 18 Alb. Law Jour. 212; O. & M. R. R. Co. v. Collam, 8 Cent. Law Jour. 12; Lawlor v. Androscoggin R. R. Co. 62 Me. 463; Morgan v. Railway Co. 5 B. & S. 507; Wharton on Negligence, § 201; Strahlendorf v. Rosenthal, 30 Wis. 647; Riley v. Baxendale, 6 H. & N. 445; Woodley v. Railway Co. 2 Exch. 383; Gibson v. Railway Co. 63 N. Y. 449.

A master is not liable to his servant for injuries in consequence of the negligence of a fellow servant: McInery v. N. & K. Ry. Co. 8 Irish C. L. 318; Waller v. South Eastern R. R. Co. 2 Hurlst. & C. 102; Lovegrove v. London & Brighton R. R. Co. 16 C. B. (N. S.) 669; Hutchinson v. York & N. Ry. Co. 5 Exch. 343; Wigmore v. Jay, 14 Jur. 837; Priestly v. Fowler, 3 M. & W. 1.

It is not necessary that the servants should be engaged in the same kind of work, to make them fellow servants: Boldt v. N. Y. Cent. R. R. Co. 18 N. Y. 432; Slattery v. T. & W. R. R. Co. 23 Ind. 83; O. &. M. R. R. Co. v. Tindall, 13 Ind. 366; Wilson v. Madison R. R. Co. 18 Ind. 226; Foster v. Minn. Cen. R. R. Co. 14 Minn. 360; Coon v. Syracuse & Utica R. R. Co. 5 N. Y. 493; Priestly v. Fowler, 3 Mees. & W. 1; Murray v. S. C. R. R. Co. 1 McMullen—;Farwell v. B. & U. R. R. Co. 4 Met. 49; Brown v. Maxwell, 6 Hill, 594; Hayes v. Western R. R. Corp. 3 Cush. 270; Ponton v. R. R. Co. 6 Jones, 246; Morgan v. Vale of Heath R. R. Co. 5 Best & Smith, 570; Manville v. C. & S. R. R. Co. 11 Ohio St. 417; Whaalon v. Mad River, etc. R. R. Co. 8 Ohio St. 249; C. & I. C. R. R. Co. v. Arnold, 31 Ind. 174; Wonder v. B. & D. R. R. Co. 32 Md. 411; Gelshanon v. Stony Brook R. R. Co. 10 Cush. 228; Cotter v. Board of Education, 11 N. Y. 570; Hogan v. Cent. Pac. R. R. Co. 49 Cal. 129; Hurd v. Vt. & Can. R. R. Co. 32 Vt. 480; Valtez v. O. M. R'y Co. 85 Ill. 500; Colten v. Richards, 123 Mass. 486; Johnson v. City of Boston, 118 Mass. 114.

The verdict was the result of chance and should have been set aside: Ill. Cent, R. R. Co. v. Able, 59 Ill. 131; City of Pekin v. Winkel, 77 Ill. 56; Dunn v. Hall, 8 Blackf. 32; Dana v. Tucker, 4 J. R. 487; Harvey v. Rickett, 15 J. R. 87.

Messrs. MANAHAN & WARD, for appellees, argued that the negligence of the deceased was slight, and that of appellant gross, in comparison, and cited G. & C. U. R. R. Co. v. Jacobs, 20 Ill. 478; C. & R R. Co. v. Hogarth 38 Ill. 370; C. B. & Q. R. R. Co. v. Cauffmann, 38 Ill. 424; C. B. & Q. R. R. Co. V. Triplett, 38 Ill. 482; C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499; C. & A. R. R. Co. v. Pondrom, 51 Ill. 333; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; I. & St. L. R. R. Co. v. Stables, 62 Ill. 313; T. W. & W. R. R. Co. v. Spencer, 66 Ill. 528; C. & A. R. R. Co. v. Elmore, 67 Ill. 176; T. W. & W. R'y. Co. v. McGinnis, 70 Ill. 346; T. W. & W. R'y Co. v. O'Connor, 77 Ill. 391; St. L. V. & T. H. R. R. Co. v. Dunn, 78 Ill. 197; I. & St. L. R. R. Co. v. Herndon, 81 Ill. 143.

The verdict of the jury will not be disturbed unless maniifestly against the weight of evidence: C. & N. W. R'y Co. v. Ryan, 70 Ill. 211; Corwith v. Colter, 82 Ill. 585; T. W. & W. R'y Co. v. Moore, 77 Ill. 217; Bishop v. Busse, 69 Ill. 403; H. F. & M. Ins. Co. v. Cornick, 24 Ill. 455; Bowden v. Bowden, 75 Ill. 143.

The court is not bound to repeat questions of law in different instructions: Holcomb v. The people, 79 Ill. 409; Ames v. Snider, 69 Ill. 376; Lycoming Fire Ins. Co. v. Jackson, 83 Ill. 302.

As to what is not a common employment: C. & A. R. R. Co. v. Shannon, 43 Ill. 838; C. & N. W. R. R. Co. v. Swett, 45 Ill. 197; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; Ill. Cent. R. R. Co. v. Welch, 52 Ill. 183; T. P. & W. R'y Co. v. Conroy, 61 Ill. 162; C. & N. W. R. R. Co. v. Taylor, 69 Ill. 461; P. F. W. & C. R. R. Co. v. Powers, 74 Ill. 341; T. W. & W. R'y Co. v. O'Connor, 77 Ill. 391; Ill. Cent. R. R. Co. v. Middlesworth, 46 Ill. 464; R. R. I. & St. L. R. R. Co. v. Lewis, 58 Ill. 49; T. W. & W. R'y Co. v. McGinnis, 71 Ill. 346.

An instruction as to willful injury is not erroneous, if there is evidence, though slight, to support it: Chicago v. Scholten, 75 Ill. 468.

Generally as to the right to recover: C. C. & C. R. R. Co. v. Keary, 3 Ohio St. 201; L. M. R. R. Co. v. Stevens, 20 Ohio, 415; Filike v. B. & A. R. R. Co. 53 N. Y. 549; Chamberlain

v. M. & M. R'y Co. 11 Wis. 238; Haynes v. E. T. & G. R'y Co. 3 Coldwell, 222; Brickner v. N. Y. C. R. R. Co. 2 Lans. 506.

As to the objection to the verdict: City of Pekin v. Winkel, 77 Ill. 56; Martin v. Ehrenfels, 24 Ill. 187; Reins v. The People, 30 Ill. 256.

PLEASANTS, J.   This was an action by appellee, under the statute, for damages for the death of her intestate, who was her husband, alleged to have resulted from the negligence of appellant.

On the morning of the 16th of January, 1877, the deceased and three other trackmen in the employ of appellant, under the supervision of the section foreman, went with a hand-car from LaFox station, in Kane county, to a point about three miles east, for the purpose of replacing a broken rail. Upon their return, and when between forty and fifty rods from said station a locomotive engine was seen following them at a distance of two and a half miles—the morning being bright and clear and the line of the road between them straight.

Thereupon the foreman directed his men to take the hand-car off the track, but yielded to their suggestion founded upon their common supposition that it was the Sterling freight that they could easily reach the switch at the station in advance of it. They were pushing the car up a heavy grade which continued all the way to the switch, and the snow on the rail also contributing to impede their progress the engine gained upon them rapidly. When about eighty rods off the foreman first discovered that it was only an engine propelling a snow-plow, and then peremptorily ordering the removal of the hand-car from the track, went back about sixty feet to flag it; but seeing no person upon it, by reason of the frost upon the window of the cab, and that its speed was not slackened in obedience to his signal, returned to assist his men, who were by that time about thirty feet east of the switch. When he again reached the hand-car it had been set off on the north side far enough to clear the engine, but as he thought, not enough by a few inches to clear the snow-plow, which projected twenty-three and one-

third inches beyond the rail.  So telling the men, he and Maloney took hold of the east end to move it further.  The deceased and Bray were then standing at the west end, but instead of attempting to move it again, Bray ran up the bank, which was three or four feet high, hallooing to the men to clear, while deceased remained near the northwest corner of the hand-car in the ditch, and about six feet from the rail.  The foreman and Maloney had moved the east end five or six inches, and were still working at it when the snow-plow passed them, and striking its southwest wheel, whirled the hand-car so violently that the handle struck deceased in the breast and killed him almost instantly.

In relation to the rate of speed at which the engine was then running, the testimony, as usual in such cases, differs widely. Witnesses called on the part of the plaintiff stated it variously from thirty to sixty miles per hour, while the engineer and the road-master, who were upon it, say from twenty to twenty-five. The latter states further, that it had a five-foot driving wheel, and was incapable of making more than forty.  As to the time required for setting a hand-car off the track by four men, the estimates varied from half a minute when the conditions are favorable, to five minutes when hindered by such obstacles as intervened in this case,—all of which were matters of opinion, and to be deemed, when seconds become important, more or less unreliable.

Snow had fallen the night before to the depth of seven or eight inches on a level, but in the ditch along side the track, and which was a foot below, it was eighteen.   From the north rail to the foot of the bank, the distance was found by actual measurement to be seven feet.  The hand-car was five or six in width and weighed three hundred pounds.  The snow-plow had been in use on the road six years, was of the usual width, well made, in good order and properly adjusted to the engine. Rule 59, printed on appellant's time-card for the last ten years, was that " No notice whatever will in any case be given of the passage of extra trains; track-men will govern themselves accordingly."  And deceased had been in its employ as a trackman for two months next before his death.

C. & N. W. R. R. Co. v. Bliss.

Upon these facts plaintiff obtained a verdict for $1,683.75, which the circuit court refused to set aside, and from the judgment thereon the defendant appealed.

The negligence charged upon appellant, was the running of the engine at so high a rate of speed, so near a station, village and crossing, and with the view of the track so obscured by snow and ice upon the window. It appears that the passenger house is not over two hundred feet west of the switch, and there is a public crossing ten or twelve rods west of that. Neither of the persons on the engine saw the foreman's flag, the hand-car or the men, nor were they aware that the accident had occurred until advised of it at Rochelle, 35 miles west, by telegram from Chicago.

We are not disposed to deny that this was negligence of a degree that would have made appellant liable for damages in consequence of it to any party who did not by his own want of ordinary care contribute thereto.

It is argued, however, that, conceding this point, appellee could not lawfully recover, because her intestate was a fellow servant of those who were in control of the engine, within the exception which exempts the common master from liability for damages to one servant occasioned by the negligence of another "in the same line of employment."

Whether a track-man and an engineer are so related we do not consider an open question under the earlier decisions of our Supreme Court, and if it had been, it is decisively settled in the negative by the late case of the Chicago and Northwestern Railway Co. v. Miranda. Opinion filed at Ottawa, January 4, 1880:

But we must hold, upon the testimony contained in this record, that her right was barred by the personal negligence of the deceased, and that of the other track-men who were his fellow servants in the same line of employment. For there were at least three ways in which he might certainly and easily have escaped all injury, notwithstanding the negligence of the engineer and road-master.

First, by complying with the direction of the foreman to remove the hand-car from the track when it was first given.

The witnesses agree that there was then ample time in which to remove it far enough to avoid a collision.   It was his own mistake to suppose that the coming engine was a freight train. He knew that extras were frequent, and that of whatever kind, it must overtake them, unless they succeeded in reaching the switch; but to avoid the labor of setting the hand-car off and on again, he chose the chances of the course pursued in preference to the certain safety of that to which he was advised, and failed to reach the switch.

It cannot avail appellee that the foreman withdrew his order, since he withdrew it at the instance of the deceased or of his fellow servants, and with the substituted direction to push the hand-car as fast as they could, which was an additional suggestion of the risk they were incurring.   We believe it has been invariably held in this State, that where a party, perceiving or having the means of perceiving by the use of ordinary care, that danger is imminent upon a certain line of conduct, nevertheless pursues it for the advantage supposed to be offered thereby, declining another which he sees to be certainly safe, in the belief that he will be able to escape, and is overtaken by it, he is chargeable with a want of ordinary care, and must suffer the consequences to which he has thus contributed.

This rule is held and illustrated in C. & A. R. R. Co. v. Jacobs, 63 Ill. 180; T. W. R. R. Co. v. Jones, 76 Id. 317; L. S. & M. S. R. R. Co. v. Sutherland, 2 Bradwell, 307; and is entirely consonant with reason.

Second.   He might, when setting the hand-car off the track, have set it five or six inches further north.   Nothing hindered but the bank, and that required only that the north side should be lifted a little higher than it was.   The testimony is that this could have been done nearly as well as not, and it would be apparent from the number of men employed, and the weight of the hand-car, without any more direct testimony.   Even after it was first set down it might have been again moved, and he was informed of the necessity of it in order to avoid a collision.   Who then but he, and his fellow track-men whose negligence was, in law, his own so far as affects the liability of appellant, was responsible for the failure to accomplish it?

C. & N. W. R. R. Co. v. Bliss.

By an argument which assumes the correctness of the testimony of some of the witnesses, to the effect that at least thirty seconds are required for setting a hand-car off the track by four men—the usual complement—and that the engine was eighty rods off when they attempted it and was running at the rate of forty miles per hour, it is proved arithmetically, since that distance would be so run in twenty-two and one-half seconds, that there was not time enough for this; but something is shown to be wrong in the premises when it is made to appear that not only was the hand-car in fact set off the track, but that the east end of it was then again moved by the foreman and Maloney, who were no more able to do so than were the deceased and Bray to move the west end, before the engine overtook them.

Lastly.   He might have heeded the warning of Bray and gone up the bank or elsewhere out of danger.   That this was easily practicable is put beyond all doubt by the fact that Bray, whose position was even less favorable, being at the southwest corner of the car, did go up it, escaping all injury, and says he found no difficulty in so doing.   It seems that deceased did not perceive or appreciate the situation; but for that he must be held responsible, since he had been expressly told, first, that his end of the car was not out of the way of the snow-plow, and second, that his own position was one of danger from the impending collision.   His remaining in it was, under the circumstances, the same in legal effect as if he had been directly struck by the snow-plow in consequence of his standing too near the rail, in which case, clearly, appellant would not have been liable.

The failure to use either of these means of safety—so many, obvious, easy and certain—seems to us gross negligence.

Whatever then may be our sympathies and regrets, we must hold that the verdict was against the law and the evidence, and for the error in overruling the motion to set it aside, reverse the judgment and remand the cause.

Reversed and remanded.