## Illinois Central Railroad Company v. Henry H. Stassen, Admr., etc.

| 56 | 221 |
| 94 | ²187 |

1. ORDINARY CARE—*What is Not an Exercise Of.*—A person who voluntarily stands in close proximity to a railroad train passing at the rate of thirty or forty miles an hour, is guilty of negligence.

2. SAME—*Voluntary Exposure, etc.*—A party who voluntarily exposes himself to a known danger, assumes the risks, and is barred from a recovery for an injury resulting from it.

**Memorandum.**—Action for damages; death from negligent act. In the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the December term, 1893, and reversed. Opinion filed May 22, 1894.

H. M. SNAPP, attorney for appellant.

C. W. BROWN, attorney for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF
THE COURT.

On the 6th of August, 1891, Frederick Engelke, one of a
section gang of six or seven men engaged in leveling up the
track on appellant's railroad, three miles south of the sta-
tion of Monee, was struck by a large piece of coal, falling
from the tender of a passing train, and killed. Appellee,
as administrator, brought an action on the case against
appellant, and recovered damages to the amount of $3,000.

There are two counts in the declaration. The first charges
that the lump of coal which struck and killed Engelke was
thrown from the engine or tender by an employe of the
railroad company in charge of the engine. The second
charges that the employes in charge of the engine negli-
gently permitted the coal to remain upon the tender and
engine in such a loose and insecure manner, that while the
train was passing it was thrown by the speed of the train
from the tender and struck Engelke.

The evidence shows that deceased had been in the serv-
ice of appellant, as a section hand on the Monee section,
for about twelve years. The duties of the gang required
the men on and about the track constantly. Twenty
or thirty trains per day passed over that portion of appel-
lant's road. The falling of coal from passing trains was of
frequent occurrence.

Members of the same gang to which Engelke belonged,
testified to seeing lumps of coal often cast from rapidly
moving trains, and that not only coal but pieces of iron, wood
and other articles could be seen scattered along the track.
Engelke's long experience was sufficient to advise him of
the danger of standing near rapidly passing trains. Not
only so, but he, with others of the gang, had been cautioned
by the foreman, John Elstone, that it was dangerous.

At the time Engelke was killed the men were engaged at

a small cut on the road. The banks were about eight feet above the track with a graded slope, to a small ditch lying on either side of the track. The passing train was the Bloomington passenger on its way to Chicago. The foreman saw it approaching when two miles away and signaled his men to get off the track. Three of them left the track on the east side, crossed the ditch and went up the bank. Engelke, the foreman, and another man left the track on the west side. The foreman and the other man crossed the ditch and stood partly up the bank. Engelke took a position in the ditch close to the track, his head being about four feet lower than the top of the tender. While standing there he was struck. Elstone, the foreman, is the only one who witnessed the accident. He testified that he saw the coal leave the edge of the tender and strike Engelke. He was not able to say how the coal left the tender, but he was watching the engine and thinks if there had been any one in the tender at the time he would have seen him. The only persons upon the engine at the time were the engineer and fireman. Both deny upon oath, that they threw the coal from the tender, or know by what means it left the tender and struck Engelke.

The jury returned a special finding that Engelke was struck by coal thrown from the engine by an employe in charge of the train. There is a total absence of evidence on which to base such a finding. The denial of the engineer and fireman coupled with the testimony of Elstone satisfies our minds that the lump of coal was cast from the tender by the speed of the train. There are instances in which countervailing circumstances may outweigh the positive testimony of three witnesses but this is not one of them.

In this case the circumstances are not inconsistent with the testimony of these witnesses. It is not unreasonable that a train moving at the rate of thirty or forty miles per hour could cast off from the tender a large lump of coal with sufficient force to kill a man.

We are of the opinion that Engelke was not at the time of the accident in the exercise of ordinary care. Had he exer-

cised the same care that was exercised by the other men of his gang he would have avoided the injury. He voluntarily stood in the ditch, in close proximity to the train, instead of crossing it and moving up the bank as the others did, and as common prudence would seem to dictate. A party who voluntarily exposes himself to a danger he knows of, assumes the risks and is barred a recovery for an injury resulting from it. Such voluntary exposure is incompatible with the exercise of ordinary care for one's own safety. Where an employe voluntarily takes an extra hazardous position, aware of the dangers attending it, and thereby meets with injury, he can not recover, notwithstanding the negligence of another servant united in producing the injury. Abend v. T. H. & I. R. R. Co., 111 Ill. 202; C. & A. R. R. Co. v. Becher, 76 Ill. 25; C. & N. W. Ry. Co. v. Bliss, 6 Ill. App. 411; Chicago & Tomale R. R. Co. v. Simmons, 11 Ill. App. 151. Reversed.