EDWARD ABEND

*v.*

TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY.

*Filed at Mt. Vernon September 27, 1884.*

1. CONTRIBUTORY NEGLIGENCE—*what so regarded—and its effect on the right of recovery.* Where an employe of a railroad company was sent on a wrecking train to assist in removing the *debris* of a wrecked train from the track, and instead of taking his seat in the car, in violation of a published rule of long standing entered the locomotive and took a seat with the fireman, just in front of the latter, where he remained until a collision took place with a freight train, and he was killed, it was *held*, that he was guilty of such negligence in taking an extra-hazardous place, as to bar any right of action by his personal representative, notwithstanding the negligence of the servant in charge of the train.

Brief for the Plaintiff in Error.

2. It is not true, as a general proposition, that in actions for personal injuries caused by the defendant's negligence, the contributory negligence of the injured party will constitute no defence except when the latter's negligence is an element or factor in producing the force causing the injury complained of. It is sufficient if his negligence materially contributes to the injury, whether it contributes to the force causing the injury or not.

3. A person who voluntarily and unnecessarily places himself in a well known place of danger to life or body, but for which position he could not have been injured, and he is injured or killed in consequence of such exposure, even through gross negligence of the defendant, if the act of the latter is not wanton or willful, is guilty of such contributory negligence as to preclude any recovery by him or his personal representative.

4. If a plaintiff, by the exercise of ordinary care and prudence, might have avoided the consequences of the defendant's negligence, and failed to do so, he can not recover of the latter for mere negligence. This rule has no application when the element of fraud or intentional injury enters into the case.

5. FELLOW-SERVANTS—*whether that relation exists.* A person in the employ of a railway corporation as a head blacksmith, was, with a number of other employes, directed to proceed on a wrecking train of the company to a place where a train of cars had been wrecked, for the purpose of assisting in removing the rubbish and obstructions. The train carrying them was under the charge of the engineer, who acted also as conductor, and by his neglect to obey instructions the train collided with another, resulting in the death of the blacksmith: *Held*, that the blacksmith, and all the other employes on the train, including the engineer and fireman, were fellow-servants of a common master, engaged in the same line of employment, within the rule excluding a right of recovery by one servant for the negligence of a fellow-servant.

6. PRACTICE—*taking case from jury by instruction.* Where the plaintiff fails entirely to make out a part of his case essential to a recovery, there is no error in the court instructing the jury to find for the defendant.

| 111 | 202 |
| 59a | 119 |
| 111 | 202 |
| 63a | 107 |
| 65a | 541 |
| 111 | 202 |
| 68a | 247 |
| 111 | 202 |
| 70a | 333 |
| 111 | 202 |
| 173 | 191 |
| 111 | 202 |
| 73a | 222 |
| 74a | 672 |
| 111 | 202 |
| 77a | 49 |
| 111 | 202 |
| 178 | 567 |
| 111 | 202 |
| 86a | 439 |
| f88a | 657 |
| 111 | 202 |
| 187 | 1469 |
| 111 | 202 |
| 92a | 3488 |
| 111 | 202 |
| 99a | 3530 |
| 111 | 202 |
| 100a | |
| 100a | 6396 |
| 111 | 202 |
| 208 | 5202 |
| 111 | 202 |
| 209 | 5129 |
| 111a | 3358 |
| 111 | 202 |
| c113a | 5149 |
| 114a | 3478 |

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of St. Clair county; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. JAMES M. DILL, Mr. W. H. BENNETT, and Mr. J. M. FREELS, for the plaintiff in error:

The ruling of the circuit court in withdrawing the proofs from the jury, and instructing them to find for the defendant, was an unwarrantable invasion of the province of the jury. The question of negligence is one of fact for the jury, and not

of law for the court. (*Hubner* v. *Feige*, 90 Ill. 212.) As to the proper practice, see *Amos* v. *Sinnott*, 4 Scam. 447; *Deshler* v. *Beers*, 32 Ill. 369; *People* v. *Brown*, 3 Gilm. 87; *Crowley* v. *Crowley*, 80 Ill. 469.

If the evidence even tended to show a right of recovery, the court had no power to take the case from the jury. *Guerdon* v. *Corbell*, 87 Ill. 272; *Pennsylvania Co.* v. *Conlan*, 101 id. 95.

Whether or not Beasley was guilty of negligence which contributed to the injury, was a question of fact to be found by the jury, under proper instructions from the court. *Railroad Co.* v. *Bonifield*, 104 Ill. 224; *Pennsylvania Co.* v. *Conlan*, 101 id. 94; *Railway Co.* v. *Elliott*, 98 id. 481; *Lasure* v. *Granville Manf. Co.* 18 S. C. 275.

The definition of negligence is a question of law for the court, but it is always a question of fact, to be determined, from the evidence, by the jury, whether a given case falls within that definition. *Railroad Co.* v. *Morgenstern*, 106 Ill. 220.

The negligence of the plaintiff which defeats his recovery must be the proximate cause of the injury. *Fowler* v. *Railroad Co.* 8 Am. & Eng. Ry. Cases, 482; *Frink* v. *Potter*, 17 Ill. 411.

Plaintiff's contributory negligence must have immediately or proximately contributed to the result. *Weeks* v. *Railway Co.* 8 Am. & Eng. Ry. Cases, 314.

The question of comparative negligence is also a question of fact for the jury. *Railroad Co.* v. *Bonifield*, 104 Ill. 224.

Taking these questions of fact from the jury can not be sustained except by overruling the cases of *Frink* v. *Potter*, 17 Ill. 406, *Railroad Co.* v. *Morgenstern*, 106 id. 220, *Railroad Co.* v. *Bonifield*, 104 id. 224, *Pennsylvania Co.* v. *Conlan*, 101 id. 94, and *Railway Co.* v. *Elliott*, 98 id. 481.

Beasley was killed through the negligence of the persons having charge of the train. He had no control over their actions, and as to them was not a fellow-servant, engaged in

a common work. *Bartonshill Coal Co.* v. *Reid*, 3 Macq. 266 ; *Gray* v. *Bressy*, 15 Court of Sess. 135 ; *Railroad Co.* v. *Keefe*, 47 Ill. 110 ; *Ryan* v. *Railroad Co.* 60 id. 173 ; *Railroad Co.* v. *Powers*, 74 id. 345 ; *Railroad Co.* v. *Moranda*, 93 id. 324 ; *Railroad Co.* v. *Collins*, 2 Duv. 114 ; *Gillenwell* v. *Railroad Co.* 5 Ind. 340 ; *Cooper* v. *Mullens*, 30 Ga. 150.

The rule to be deduced from all these cases is, that when the injured servant has no control over the offending servant, then they are not fellow-servants. *Dowling* v. *Allen & Co.* 74 Mo. 13 ; *Railroad Co.* v. *Fort*, 17 Wall. 557 ; Wood on Master and Servant, secs. 390, 436, 439 ; Cooley on Torts, 555 ; 2 Thompson on Negligence, 976.

Who are fellow-servants in a given case, like the question of negligence, is a question of fact for the jury, and not of law for the court. Whether Beasley and the engineer were fellow-servants depended upon a variety of facts, which had to be proven before the jury, and from the facts thus proven it was for the jury then to say whether the two servants, in the discharge of their duties, were fellows ; and it was error in the court to deprive the jury of this right. *Railroad Co.* v. *Morgenstern*, 106 Ill. 220 ; *Railway Co.* v. *Moranda*, 108 id. 581.

Mr. JOHN B. BOWMAN, for the defendant in error:

Beasley was not a passenger, but a servant being carried to the place he was needed. Even if he had been in the car provided for him, he would be no more a passenger than were Keefe, in 47 Ill. 108, or Britz, in 72 id. 256, or Cox, in 21 id. 23, or Durkin, in 76 id. 395. He was simply a servant, with privilege to ride free. *Ryan* v. *Railroad Co.* 23 Pa. St. 384 ; *Gillehannon* v. *Railroad Co.* 10 Cush. 228 ; *Seaver* v. *Railroad Co.* 14 Gray, 466.

That Beasley was a fellow-servant with the conductor and fireman, see *Keefe's case*, 47 Ill. 110 ; *Gartland's case*, 67 id. 498 ; *Railroad Co.* v. *Moranda*, 93 id. 320.

The court may exclude all the evidence when there is no proof tending to prove a material fact. *Frazer* v. *Howe,* 106 Ill. 573; *Crowley* v. *Crowley,* 80 id. 469; *Smith* v. *Gillett,* 50 id. 290; *Poleman* v. *Johnson,* 84 id. 269.

The material issues presented by the allegations of the declaration are: First, was Beasley a passenger? Second, was he in the exercise of due care and caution? Third, was he a fellow-servant with defendant's servant through whose fault the collision occurred which resulted in his death?

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This action was brought by Edward Abend, the plaintiff in error, as administrator of Thomas Beasley, against the Terre Haute and Indianapolis Railroad Company, the defendant in error, to recover damages for personal injuries received by the plaintiff's intestate in a railroad collision, resulting in the latter's death, alleged to have been occasioned by the negligence of the company. The cause was tried in the St. Clair circuit court, where the action was brought, resulting in a verdict and judgment for the defendant. The judgment having been affirmed by the Appellate Court for the Fourth District, the plaintiff in error brings the record here for review.

On the trial in the circuit court, after the evidence on the part of the plaintiff was in, the defendant declined to offer any testimony, and the court, at its instance, instructed the jury to find the issues for the defendant, which it did, and the ruling of the court in thus withdrawing the case from the jury presents the ultimate question for determination.

The circumstances under which Beasley was killed, and which gave rise to the present litigation, are as follows: On the 25th of June, 1880, one of the defendant's trains was wrecked on its road, near Confidence Hill, in Madison county, this State. On the following day the deceased, being an employe of the company, together with a number of others, was

ordered by the proper officer of the company to go out from East St. Louis, on a wrecking train of the defendant, to the place of collision, for the purpose of assisting in removing the wreck, which he proceeded to do. The train was under the control of one Busse, who acted in the capacity both of conductor and engineer. Beasley, instead of taking a seat in the wrecking car, as he should have done, in violation of a published rule of the company of many years' standing, and of which, from the circumstances, he must have had notice, got on the locomotive and took a seat on the fireman's side, immediately in front of Cope, the fireman, the train moving off as he did so, in which position he remained until a short time afterwards, when the locomotive upon which he was riding collided with the engine of a freight train coming in the opposite direction, causing his immediate death. The train upon which the deceased was riding was what is known, particularly among railroad men, as a "wild train,"—that is, a train not running by schedule, but under special instructions. By the orders delivered to Busse he was expressly directed to keep out of the way of the very train with which his own train collided. This he neglected to do,—hence the collision, and the serious consequences resulting therefrom.

The declaration charges, in substance, that Beasley, by order of the company, went aboard the train for the purpose indicated, and that while it was proceeding to the wreck, under the control and management of the servants of the defendant, it came in collision with a freight train belonging to and under the control of the defendant, whereby the said Beasley was instantly killed; that at the time he was so killed he was *exercising due care and caution*, and that such killing was without any fault or misconduct on his part, and that he was not, at the time in question, a fellow-servant with the servants of the defendant who were operating said train, or either of them; that said Beasley then was, and prior thereto had been, in the employ of the defendant as its

head blacksmith, and when so killed he was proceeding to said wreck, by defendant's order, in his capacity as such blacksmith, which is a distinct and different line of employment from that of the other servants of the defendant, etc. These allegations were all traversed by the defendant's plea, and thereby put directly in issue.

The proofs clearly establish most of the issuable facts essential to a recovery. But do they show, or tend to show, the deceased was exercising due care at the time of the collision, or that the deceased was not at such time a fellow-servant with the servants of the company through whose negligence the collision happened? We are of opinion they do not. It follows, therefore, the trial court ruled properly in withdrawing the case from the jury. What evidence is there in this case tending to show that the deceased was using due care at the time of the accident? None, that we can see. Instead of taking a seat in the wrecking car, (the safest and most appropriate place, especially in case of collision or other accident,) as he should have done, and, indeed, as he was requested to do, he deliberately, in violation of an express rule of the company, took a seat upon the locomotive, where he was not only exposed to the ordinary dangers incident to that place, but his position even there was rendered extra hazardous by the fireman sitting immediately in his rear, in the small space provided for the fireman only. Situated as the parties were, in case of sudden danger it would, to say the least of it, have been very difficult for him to have made his escape by jumping from the engine, and so it turned out in this instance. Cope, being in the rear, did jump from the locomotive before the collision— Beasley did not. The consequence was, Cope saved his life, while Beasley lost his. Of the entire force, Beasley was the only one killed.

We are of opinion the proofs, so far from showing the deceased was exercising due care when the accident occurred,

established beyond controversy he was guilty of such negligence as to absolutely forbid a recovery. Indeed, it does not seem to be seriously contended the deceased was free from negligence, but the contention appears to be that Beasley's death was the immediate result of the collision, and that the negligence of the deceased was not an element or factor in producing the collision, hence it seems to be concluded that however gross his negligence, it can not affect his right of recovery. This view, plausible as it may appear, is clearly unsound. It can not be maintained as a general proposition, that in actions for personal injuries caused by the defendant's negligence, the contributory negligence of the injured party will constitute no defence except when the latter's negligence is an element or factor in producing the force causing the injury complained of. It is sufficient if the plaintiff's negligence materially contributes to the *injury*, whether it contributes to the force causing the injury, or not. Whatever *dicta*, or even decisions, may be found to the contrary, the cases fully establish the rule as here stated. *Galena and Chicago Union R. R. Co.* v. *Fay*, 16 Ill. 558; *Illinois Central R. R. Co.* v. *Buckner*, 28 id. 299; *Chicago and Alton R. R. Co.* v. *Becker*, 76 id. 25.

A simple illustration will demonstrate the fallacy of the principle contended for. A party deliberately lies down upon a railroad track where trains of a railroad company are continually passing, and falls asleep. Presently a train comes along at a forbidden rate of speed, and the engineer neglects to ring the bell as required by statute, and the party on the track is injured. In the case supposed it is clear there could be no recovery, and yet the negligence of the party injured did not contribute to the force causing the injury, nor did it have any connection with the negligence of the company in operating its train. It consisted simply, as in the present case, in the injured party placing himself in a dangerous position, but for which the accident would not have happened.

14—111 Ill.

The principle deducible from the cases generally, is, that if the plaintiff, by the exercise of ordinary care and prudence, could have avoided the consequences of the defendant's negligence, and fails to do so, he can not recover. Indeed, it is a fundamental principle the plaintiff can not recover in any case for an injury occasioned by negligence merely, which would have been avoided by the exercise of ordinary care and prudence on the part of the plaintiff himself. Of course, the rule here announced has no application where the element of fraud or intentional injury enters into the case, for however negligent the plaintiff may be, the defendant has no right to practice a fraud upon or willfully injure him.

But conceding, for the purposes of the argument, the court should not have withdrawn the question of due care of the plaintiff from the jury, we have no hesitancy in saying the case made by the plaintiff was wholly insufficient to warrant a recovery upon the other question, and the case was therefore properly withdrawn from the jury on that ground. The *Cox case*, 21 Ill. 23, the *Keefe case*, 47 id. 108, the *Britz case*, 72 id. 256, and the *Durkin case*, 76 id. 395, all fully sustain the ruling of the court below upon this question. The evidence, construed in the light of these cases, shows beyond all controversy that Beasley was a fellow-servant with Busse, through whose negligence and disobedience of orders the collision was brought about. The evidence shows that a wrecking force is always made up, in the hurry of the moment, out of the employes and servants of the company who happen to be within convenient reach, without regard to the particular line of service in which they are employed. The removing of obstructions from the tracks in case of a collision is, as shown by the proofs in this case, a distinct branch of service, to which all the laboring force of the company are liable to be called, without any reference to their ordinary calling or duties; and when a force thus made up goes aboard the

wrecking train and starts to the scene of disaster, they are all, including conductor, engineer, fireman and brakeman, just as much in a common branch of service while on the way, as they are after their arrival and the work of clearing the tracks has actually commenced. It is an error to suppose that a force of men can not be engaged in a common service unless all are continuously working at the same time and engaged in doing precisely the same kind of work. It is sufficient if all are actually employed by the same master, and that the work of each, whatever it may be, has for its immediate object a common end or purpose, sought to be accomplished by the united efforts of all. The skill of a carpenter, blacksmith, or other mechanic, might be very useful in removing a wreck, and when thus working together in such a service, though each one in his own particular way, they are all, within the meaning of the rule, engaged in a common employment, notwithstanding in their ordinary employment they have no connection with each other, and consequently when so engaged are not fellow-servants. The deceased, though not actually using a hammer or other tool at the very moment he was killed, was nevertheless just as clearly in the employ of the company for the purposes of the business then in hand as the remainder of the force who actually assisted in removing the wreck. One who is hired by the day, week or year, is just as much in his employer's service in going to and from his work as when actually engaged in the work itself.

The judgment will be affirmed.

*Judgment affirmed.*

Scott and Dickey, JJ., dissent from this opinion.