Louisville, Evansville and St. Louis Consolidated R. R. Co.

*v.*

Leo Henry Hawthorn.

*Filed at Mt. Vernon October 27, 1893.*

1. Fellow-servants—*whether the relation exists.* Whether the relation of fellow-servants exists between employes of a common master is a question of fact. It is not enough, to make them such, that they are servants of the same master, employed in the same enterprise.

2. If they are not associated together in the performance of their duties, or their employment does not require co-operation, or bring

Brief for the Appellant.

them together or into such relations that they can exercise an influence upon each other promotive of proper caution, they are not fellow-servants, within the rule which exempts the master from liability for injury to one through the negligence of the other.

3. The employment of one as a member of a fence-gang does not, as a matter of law, bring him into co-operation with a locomotive engineer, or into such association or personal relation with the latter as that the former can exercise an influence over him promotive of proper caution in respect to their mutual safety.

4. Where a person employed by a railroad company to unload fence-posts from a freight car attached to the locomotive, is injured by the engineer starting the train suddenly and without notice or warning, the servant so injured and the engineer can not be held, as a matter of law, to be fellow-servants, or as co-operating in a particular business.

5. PLEADING—*action against employer—for personal injury—denying that the injury was caused by a fellow-servant.* In an action by a servant of a railway company to recover for a personal injury resulting from the negligence of the engineer, the declaration averred that the plaintiff was a fence builder, and that he was injured by the sudden starting of the train while the plaintiff was attempting to get on a freight car to unload fence posts, and that the employe who carelessly injured him was a locomotive engineer: *Held,* that the declaration stated facts showing that the negligence of the servant who caused the accident was not the negligence of a fellow-servant.

6. APPEALS—*reviewing questions of fact.* All matters relating to the character, force and effect of the testimony are conclusively settled by the judgment of the Appellate Court affirming the judgment below. This court can not review the facts of every case for the purpose of determining whether or not a correct conclusion has been reached, even though there may be no conflict of the evidence.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Marion county; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. IGLEHART & TAYLOR, and Messrs. W. & EUGENE L. STOKER, for the appellant:

The plaintiff and the engineer were fellow-servants, and the master is not liable for the negligence of the engineer. *Abend v. Railroad Co.* 111 Ill. 202; *Railway Co. v. Moranda,* 108 id. 576; *Railroad Co. v. Kelly,* 28 Ill. App. 655.

The declaration shows no cause of action, and is so defective that it will not sustain a judgment, because it does not aver that the negligence of the servant that caused the accident was not the negligence of a fellow-servant. *Joliet Steel Works* v. *Shields,* 134 Ill. 209; *People* v. *Spring Valley,* 129 id. 169.

When the declaration is thus faulty a reversal of the judgment will be required, and such infirmity of the declaration can be availed of, either by motion in arrest in the trial court, or by assignment of error in this court. *Kipp* v. *Lichtenstein,* 79 Ill. 358; *Railroad Co.* v. *Hines,* 132 id. 166; *Drainage Comrs.* v. *Waeltz,* 41 Ill. App. 576.

Mr. Frank F. Noleman, and Mr. S. L. Dwight, for the appellee:

We do not dispute that fellow-servants can not recover from the common master for injuries sustained from one another. No proposition of common law is better settled than this. But as to what constitutes a fellow-servant, we contend, depends upon the facts and circumstances in each particular case. Like the question of negligence, it is one of fact, for the jury. *Railway Co.* v. *Fitzgerald,* 40 Ill. App. 476; *Railway Co.* v. *Moore,* 77 Ill. 217; *Railroad Co.* v. *Gregory,* 58 id. 284; *Railway Co.* v. *Elliott,* 98 id. 481; *Pennsylvania Co.* v. *Conlan,* 101 id. 93; *Railroad Co.* v. *Bonifield,* 104 id. 223; *Railroad Co.* v. *Morgenstern,* 106 id. 216; *Railway Co.* v. *Moranda,* 108 id. 576.

The true rule as to what constitutes a fellow-servant is, we believe, laid down in *North Chicago Rolling Mill Co.* v. *Johnson,* 114 Ill. 57. The court there says: "The idea is, that the relations between the servants must be such, that each, as to the other, by the exercise of ordinary caution, can either remedy or prevent the negligent acts of the other, or protect themselves against the consequences; and, of course, where there is no right or opportunity of supervision, or where there is no independent will, and no right or opportunity to take

measures to avoid the negligent acts of another without disobedience to the orders of his immediate superior, the doctrine can have no application." *Railroad Co.* v. *Shannon,* 43 Ill. 338; *Railroad Co.* v. *Swett,* 45 id. 197; *Lalor* v. *Railroad Co.* 52 id. 402; *Schooner "Norway"* v. *Jensen,* 52 id. 373; *Railroad Co.* v. *Welch,* 52 id. 183; *Railroad Co.* v. *Gregory,* 58 id. 272; *Railway Co.* v. *Jackson,* 55 id. 492; *Ryan* v. *Railway Co.* 60 id. 171; *Railway Co.* v. *Conroy,* 61 id. 162; 68 id. 560; *Railway Co.* v. *Taylor,* 69 id. 461; *Railroad Co.* v. *Patterson,* id. 650; *Railway Co.* v. *Fredericks,* 71 id. 294; *Railroad Co.* v. *Powers,* 74 id. 345; *Railroad Co.* v. *Ingraham,* 77 id. 309; *Railroad Co.* v. *O'Connor,* id. 391; *Railroad Co.* v. *McLallen,* 84 id. 109; *Railway Co.* v. *Moore,* 77 id. 217; *Railroad Co.* v. *Morgenstern,* 106 id. 216; *Railroad Co.* v. *Morando,* 93 id. 302; 108 id. 576; *Railroad Co.* v. *May,* id. 289; *Railroad Co.* v. *Snyder,* 117 id. 376; 128 id. 655; *Rolling Mill Co.* v. *Johnson,* 114 id. 57; *Railroad Co.* v. *Hoyt,* 122 id. 369.

Mr. Justice Wilkin delivered the opinion of the Court:

This is an action on the case, by appellee, against appellant, in the circuit court of Marion county, to recover damages for a personal injury. The first four counts of the declaration aver, in substance, that the plaintiff, being employed by the defendant, with others, working under a foreman, to construct fences along its right of way, while attempting to get upon a car in a freight train of the defendant in charge of its employes, for the purpose of distributing fence posts from said car, as ordered to do by his foreman, through the negligence of the engineer in charge of the locomotive attached to the train, the said train and car were suddenly and without notice moved, causing the foot of plaintiff to be caught under one of the wheels of the car, crushing and mangling it so that amputation became necessary. A fifth count charges the defendant with negligence in failing to provide "suitable steps and han-

dles on the car containing the posts, to enable its employes to safely climb on and off of the same, whereby plaintiff was injured," etc. The plea was not guilty. Issue being joined, a trial by jury resulted in a finding and judgment for the plaintiff for $2000 and costs of suit, and that judgment has been affirmed by the Appellate Court.

The briefs and arguments filed in the court below, with some additional points, are re-filed here. They are devoted largely to a discussion of facts. The case as presented to the Appellate Court seems to have received full and careful consideration, and, of course, its judgment has settled all the controverted questions of fact in favor of appellee. This is not denied, but counsel for appellant insist that plaintiff below, and the engineer whose negligence is claimed to have caused the injury, are shown to have been fellow-servants at the time, by uncontroverted facts. In other words, they say "all the evidential facts on the question of fellow-servants were testified to by the witnesses of both plaintiff and defendant without contradiction or variance, and were undisputed by either party," and therefore they say this court can review that question. This position is clearly untenable. Whether the relation of fellow-servants exists between employes of a common master is a question of fact. It is not enough that they are servants of the same master, employed in the same enterprise. If they are not associated together in the performance of their duties, or their employment does not require co-operation, or bring them together, "or into such relations that they can exercise an influence upon each other promotive of proper caution," they are not fellow-servants, within the rule which exempts the master from liability for injury to one through the negligence of the other. (See *Chicago and Northwestern Railway Co.* v. *Moranda, Admr.* 93 Ill. 302, and many later cases.) "Were they engaged in the same line of employment, were the existing relations between them of such a character and their duties such as to bring them often together, co-operating in a

particular work? These and perhaps other facts of a kindred character were matters to be proved before the jury, and from the facts thus proven it was for the jury then to say whether the two servants, in the discharge of their duties, were fellows." (*Indianapolis and St. Louis Railroad Co.* v. *Morgenstern, Admr.* 106 Ill. 216; *Chicago and Northwestern Railway Co.* v. *Moranda, Admr.* on second appeal, 108 id. 576.) It certainly will not be contended that the employment of one as a member of a fence-gang, does, as a matter of law, bring him into co-operation with the locomotive engineers of freight trains, or into such association or personal relations with them as that he could exercise an influence upon them promotive of proper caution in respect to their mutual safety. Nor can it be seriously insisted that because appellee was, at the time of his injury, attempting to get on a car for the purpose of unloading posts, he and the engineer in charge of the engine to which the car was attached were, at the time, as a matter of law, co-operating in a particular business.

The case of *Abend* v. *Terre Haute and Indianapolis Railroad Co.* 111 Ill. 202, seems to be relied upon as authority for the contention that, on the facts of this case, appellee and the engineer became, in law, fellow-servants. The cases, in their facts, are entirely dissimilar. All that was decided in that case on this question was, that the evidence established the fact that the deceased and the conductor and engineer who negligently caused his death were, at the time of the accident, engaged in a common branch of service, being members of the same "wrecking crew," and for that and other reasons there was no error in taking the case from the jury. No such question is or could be presented upon this record. The argument seems to proceed upon the theory that a finding of the jury, and judgment of affirmance in the Appellate Court, only conclusively settle facts about which there is a conflict in the evidence. The fact in controversy here is, whether the relation of fellow-servants existed. The evidence bearing upon that

question may be in perfect harmony, but the question remains, what does it prove?—and that question is settled by the judgment of the Appellate Court. As was said in *Insurance Co.* v. *Barrel Co.* 114 Ill. 99: "Nor can it avail appellant anything even if it be conceded there is no conflict in the testimony, as has often been decided by this court. This may well be, and yet the controverted facts to which the evidence relates may have been very difficult of solution." All matters relating to the character, force and effect of the testimony are settled by the judgment of the Appellate Court, and are not open for review in this court. *Alphin* v. *Working,* 132 Ill. 484, following *Fitch* v. *Johnson,* 104 id. 111.

It is again said, the question is before this court for the purpose of inquiry whether the law has been correctly applied to the facts, citing *Jones* v. *Fortune,* 128 Ill. 520. Certainly, if errors in rulings of the trial court in the admission or exclusion of testimony or giving or refusing instructions were pointed out, it would be our duty to pass upon those rulings as questions of law. But no attempt of that kind is made. The case cited can not be understood to hold that this court can review the facts in every case, for the purpose of determining whether or not a correct legal conclusion has been reached. If such a proposition could be maintained, the statute providing that "the Supreme Court shall re-examine cases brought to it by appeal or writ of error as to questions of law only, and no assignment of error shall be allowed which shall call in question the determination of the inferior court upon controverted questions of fact," would be rendered nugatory.

It is said, again, the declaration shows no cause of action, "because it does not aver that the negligence of the servant that caused the accident was not the negligence of a fellow-servant." If by this is meant that the declaration does not say, in so many words, the engineer was not a fellow-servant of the plaintiff, the statement is true; but if it is intended to assert that it does not state facts showing that the relation did

not exist, then it is not correct. This we can make no clearer than by reference to the foregoing statement as to the allegations of the first four counts of the declaration, and what we have already said as to what is necessary to constitute the relation of fellow-servants. Why the case of *Joliet Steel Co.* v. *Shields*, 134 Ill. 209, should be cited as sustaining the position contended for on this point, we are at a loss to perceive. There the declaration failed to state the line of employment of the servants who negligently placed the iron mold which caused the injury. There was nothing in that declaration to show that they were not track repairers with the plaintiff, and at the time working with him. This declaration avers that plaintiff was a fence builder, and the employe who carelessly injured him a locomotive engineer; that while plaintiff was attempting to get on a car for a proper purpose he was injured through the negligence of the engineer. According to the allegations of this declaration, appellee was in no sense cooperating with the engineer,—no more so than if he had been run over by the negligence of the engineer while going to the place where he attempted to get on the car.

We find no reversible error in this record. On the whole case, the judgment of the circuit court seems to be right,—at least there is no ground shown upon which this court should interfere.

*Judgment affirmed.*

Mr. Justice Phillips, having been a member of the Appellate Court when the case was decided there, takes no part in the consideration of it here.