GEORGE PAGELS

*v.*

ANTON MEYER.

*Opinion filed December 18, 1901.*

1. MASTER AND SERVANT—*when master is not liable for negligence of helper.* If the master is guilty of no negligence in the employment and retention of a helper for a wood sawyer in his employ, and is otherwise without fault, he is not liable for an injury to the sawyer resulting from the negligence of the helper in handling the timber, if the relation of fellow-servants existed between them.

2. FELLOW-SERVANTS—*what necessary to constitute relation of fellow-servants.* Under the rule in Illinois it is not sufficient to constitute two persons fellow-servants that they are working for the same master, but they must be brought into such personal relation, either by directly co-operating in the same work at the time of the injury or by their usual duties, that they may exercise an influence upon each other promotive of their mutual safety.

3. SAME—*when a "fellow-servant" instruction should not be refused as misleading.* An instruction that in order to constitute servants of the same master fellow-servants "it is essential that they shall be, at the time of the injury, directly co-operating with each other in the particular line of business, or that their duties shall bring them into habitual association so that they may exercise an influence upon each other promotive of proper caution," should not be refused as being likely to mislead the jury to believe that such "co-operation" need not be of a character to promote proper caution, where the evidence shows that the servants in the case were a wood sawyer and his helper, who stood on opposite sides of a table, facing each other, holding the respective ends of the sticks.

4. SAME—*when instruction is properly refused.* An instruction directing a verdict for the defendant if the jury found that plaintiff and his helper were fellow-servants is properly refused, where there are other grounds of recovery alleged in the declaration which there is evidence tending to prove.

*Pagels* v. *Meyer*, 88 Ill. App. 169, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

AMERICUS B. MELVILLE, and FRANK J. CANTY, for appellant.

BRANDT & HOFFMANN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

While appellee was working as a sawyer in appellant's planing mill and factory the fingers of his right hand were cut off at the knuckles by a circular saw with which he was ripping a corner off a stick of timber placed in a mitre-box, next to the saw, for that purpose, so as to saw it at the proper angle. He brought this suit against appellant to recover damages for his injury and obtained a judgment for $5000, which has been affirmed by the Appellate Court.

The cause of action is set out in a declaration of eleven counts, covering thirty-three printed pages of the abstract. The counts are mostly re-productions and successive editions of the same matter, going over the same ground with iteration and reiteration, and inflated with legal verbiage. The examination of such a document, in a case of this kind, to ascertain what issues were submitted to the jury, has imposed a needless burden upon the court. Out of the prolix and involved statements of the declaration repeated in the various counts we have been able to extract the following charges of actionable negligence against the defendant: First, that the defendant was negligent in furnishing to the plaintiff a place to do the work which was not reasonably safe; second, that the defendant furnished a machine, saw and mitre-box which were in an unsafe and defective condition and unfit for use; third, that defendant furnished an inexperienced and unskillful helper to assist the plaintiff in doing the sawing, and that said incompetent and inexperienced helper received, guided and took away the timbers from the saw in an incompetent, unskillful, negligent and careless way; fourth, that defendant prevented plaintiff from placing the mitre-box in a proper position and adjusting it properly, and ordered him to place the

timber in the box on a piece of wood in a manner which was unsafe, so that it would not rest firmly on the saw. It was alleged that each of these acts of negligence caused the injury to the plaintiff while he was in the exercise of ordinary care for his own safety. The plea was the general issue.

At the close of the evidence defendant requested an instruction to the jury to find him not guilty. The court refused the instruction and submitted the issue to the jury. This ruling of the court is the first alleged error.

The following facts were proved without contradiction: Plaintiff was an experienced sawyer, who had worked in the factory about seven weeks. He was directed to rip pieces of timber, to be mitred and glued together so as to form a large post, from which a circular column was to be turned. For this purpose a mitre-box, which was fastened on a table next to a circular saw, was used. The timbers were seven feet long. The saw was perpendicular, and the timbers were placed in the mitre-box so adjusted as to cut the corners off at such an angle that the timbers could be mitred together to form a post. The plaintiff handled the timber in front of the saw and pushed it through, while his helper stood on the other side of the table behind the saw and drew the timber along, steadying it. After the saw had run through, the helper would throw the corner pieces, which had been ripped off, on the floor at the rear of the saw and would slide the main piece back to the plaintiff. The helper was a young man seventeen years old, who had been working in the shop for three years. The evidence on behalf of the plaintiff also tended to prove that he wanted to fix the mitre-box and supports in a different way from the manner in which they were adjusted; that the foreman required him to arrange the timbers in the box by blocking up in a way which was more dangerous than that in which he was proceeding to adjust them; that the floor on the side of the table where the helper

stood was littered with accumulated strips and pieces of wood from the timbers and planks which had been sawed, where the helper was compelled to stand and walk as he drew the timbers through; that the timbers were not held steadily, and that the place, being uneven, was not safe for the helper to walk on. There was contradictory evidence as to these matters on behalf of the defendant, but a determination of the facts required a weighing of the testimony and the credibility of witnesses, and the court did not err in refusing to give the instruction.

One of the charges of negligence was, that defendant employed an incompetent helper, who received, guided and took away the timbers in an incompetent and negligent way, causing the injury. On that subject the plaintiff testified that defendant took away a competent and experienced helper and filled his place with the young man, who was but seventeen years old, and that the helper kept the timber shaking. His testimony tended to prove that the helper improperly handled the timber; that he did not walk steadily and the timber shook, and that the improper handling and shaking of the timber caused the injury. Although the defendant did not warrant the competency of the helper, he was bound to use reasonable care in his selection, and the first question of fact to be determined, under the charge in question, was whether he had been guilty of negligence in employing the helper. The evidence on the part of the defendant tended to prove that the helper, who had worked in the shop for three years, was competent. The evidence for defendant was also to the effect that the place where the helper worked was suitable and proper. If the defendant was guilty of no negligence in the employment and retention of the helper, and was otherwise without fault, he would not be liable for an injury resulting from any negligence of the helper in handling the timber, if the relation of fellow-servants existed between the plaintiff and the helper. Under the evidence the jury might

have found that there was no negligence of the defendant in furnishing the helper, and that the condition of the floor did not render it unsafe or unfit to walk upon, but that the helper was negligent and careless in handling the timber, and that the injury occurred in consequence of such negligence. It was, therefore, important to the defendant that the jury should be informed what would constitute fellow-servants in the law, that they might determine, as a question of fact, whether that relation existed, and also what the rule of law would be as to the defendant's liability, if it did exist. To meet that question the defendant asked the court to give to the jury the following instruction:

"The court instructs the jury, that in order to constitute servants of the same master fellow-servants, it is essential that they shall be, at the time of the injury, directly co-operating with each other in the particular business in hand, or that their duties shall bring them into habitual association so that they may exercise an influence upon each other promotive of proper caution; and if the jury believe, from the evidence, that the plaintiff, Meyer, and the man, Hermann Vogt, who was assisting him at the time of his alleged injury, were in the employ of the defendant, George Pagels, and that they were directly co-operating with each other in the particular business in hand, or that their usual duties brought them into habitual association so that they might exercise an influence upon each other promotive of proper caution, then the court instructs the jury, as a matter of law, that the said plaintiff and the said Vogt, who was thus assisting him at the time of his alleged injuries, were fellow-servants; and if the jury further believe, from the evidence, that the injury received by the plaintiff was occasioned by his own carelessness and negligence, or through the carelessness or negligence of the said Vogt, who was thus assisting him at the time and place mentioned in the declaration, then the defendant would

not be liable to the plaintiff, if he was otherwise without fault, and the jury should find the defendant not guilty."

The court refused to instruct the jury as requested. This instruction stated the rule of law as to what will constitute fellow-servants in practically the same language employed by this court in a great many cases, among which are *Chicago and Northwestern Railroad Co.* v. *Moranda,* 93 Ill. 302; *Chicago and Eastern Illinois Railroad Co.* v. *Geary,* 110 id. 383; *Stafford* v. *Chicago, Burlington and Quincy Railroad Co.* 114 id. 244; *North Chicago Rolling Mill Co.* v. *Johnson,* id. 57; *Chicago and Northwestern Railway Co.* v. *Snyder,* 117 id. 376; *Chicago and Alton Railroad Co.* v. *Hoyt,* 122 id. 369; *Chicago and Eastern Illinois Railroad Co.* v. *Kneirim,* 152 id. 458. This does not seem to be denied, but it is insisted that the instruction is susceptible of an interpretation which would mislead the jury into the supposition that servants of a common master might be fellow-servants although not brought into personal relation with each other so that they might exercise an influence upon each other promotive of proper caution. Instructions are drawn with reference to the case in hand, and they are designed for the information of ordinary persons who are called as jurors in deciding the case upon the evidence before them. By the evidence in this case the plaintiff and his helper were brought into the most personal, intimate relation with each other and were directly co-operating with each other in sawing the stick of timber. They were on opposite sides of the table, facing each other, plaintiff holding one end of the timber and the helper the other, and the plaintiff testified that the helper did not hold it steadily. They were handling the same stick of timber,—one pushing it on the saw and the other drawing it away from the saw and returning it after the saw had passed through. Under the evidence it would not be possible for any jury to apply the instruction to some other case of servants not brought together in such relation that they could exercise an influence up-

on each other promotive of proper caution. The absence of a comma after the word "association" and before the qualifying words, "so that they might exercise an influence upon each other promotive of proper caution," could not have that effect. It is not conceivable that the jury, in applying the instruction to this case, could have been influenced by the want of a comma, or the character or length of the pauses to be observed in reading the instruction according to its punctuation. It was undisputed that there was direct physical presence and co-operation of the plaintiff and his helper in sawing the timber, which included opportunity and ability to observe how each was doing his work and the power of influencing each other to proper caution.

Under the rule in this State it is not enough to constitute two persons fellow-servants that they are working for the same master, but they must be brought into such personal relation, either by directly co-operating in the same work at the time of the injury or by their usual duties, that they may exercise an influence upon each other promotive of their mutual safety. In *Illinois Central Railroad Co.* v. *Cox*, 21 Ill. 20, it was said that the true principle on which the exemption of the master from liability in the case of fellow-servants rests is, that the servant assumes the ordinary risk of the service he undertakes, including the risks of occasional negligence or unskillfulness on the part of his fellow-servants. In *Chicago and Northwestern Railroad Co.* v. *Moranda, supra,* the reason for the rule was placed upon grounds of public policy. But whether one or the other is the better reason for the rule, it is settled beyond controversy that those, only, are fellow-servants whose duties imply association and co-operation, either habitually or at the time of the injury complained of. When their employment does not require co-operation and does not bring them together into such relation that they can exercise an influence upon each other promotive of proper cau-

tion, they are not fellow-servants; but if they are brought together by directly co-operating with each other in a particular work at the time of the injury, or are by their usual duties brought into habitual association, they have the opportunity and power to influence each other to the exercise of caution by example and advice and by reporting delinquencies to the employer, and are fellow-servants. The basis of the classification of servants of the same master into those who are fellow-servants and those who are not, as established in this State, is such personal relation and association between them as affords opportunity and power to influence each other to proper caution by counsel, advice and example, or the want of such personal relation and association. Where they are brought together in direct co-operation in the performance of a particular work, as in this case, they have such opportunity and power and are brought within the relation required by the rule. Where their usual duties bring them into habitual association, the association must be sufficiently personal to furnish the same opportunity and power to exercise an influence upon each other promotive of proper caution. This is the rule, in substance, as stated in all the cases in this court, and we do not see how the instruction could have misled the jury to apply the definition to some other supposititious case where there was no personal relation between the servants.

It is insisted by counsel for appellee that we decided in *Chicago and Alton Railroad Co.* v. *Swan*, 176 Ill. 424, that such an instruction as this was wrong. That is a misapprehension. Swan was a baggageman and sued the Chicago and Alton Railroad Company for injuries resulting from the negligence of the engineer. The defendant pleaded the general issue, and there was a verdict and judgment for the plaintiff. It was contended in this court that the declaration was insufficient to support the judgment because the facts alleged showed the relation of fellow-servants to have existed. It was held that, as

a matter of fact, there was no co-operation between the plaintiff and the engineer; that, under the facts stated in the declaration, plaintiff and the engineer were not necessarily fellow-servants; that the position contended for was only tenable, if at all, upon the ground that the engineer of a passenger train and the baggagemaster on the same are *per se* fellow-servants at all times and under all circumstances, (which was not true,) and that the reason for the rule was inconsistent with the restricted construction that an engineer and baggageman would be fellow-servants although not brought into such relation that they might exercise a mutual influence upon each other promotive of proper caution. In that case there was no criticism of the manner in which the rule had been repeatedly stated by the court.

Complaint is made of the refusal to give an instruction directing a verdict for the defendant if the jury found that the plaintiff and his helper were fellow-servants. There were other grounds of recovery alleged which there was evidence tending to prove, and the court was right in refusing the instruction.

Another instruction was refused which, after explaining to the jury what must be proved by the plaintiff to sustain the charge that defendant was guilty of negligence in employing an inexperienced and incompetent helper, told the jury that plaintiff could not recover if the helper was a fellow-servant, and, knowing how to perform the work, carelessly and negligently performed it. That instruction also ignored the other grounds of recovery alleged in the declaration, such as furnishing an unsafe place to do the work and requiring plaintiff to arrange the appliances and timbers in an unsafe way. There was no error in refusing that instruction.

The judgments of the Appellate Court and the superior court of Cook county are reversed and the cause is remanded to the superior court.

*Reversed and remanded.*