### Chicago, Peoria & St. Louis Railway Company v. John H. Mikesell.

1. FELLOW-SERVANTS—*what essential to constitute.* To constitute servants of the same master fellow-servants, it is essential that they shall, at the time of the injury, be directly co-operating with each other in a particular business, in the same line of employment, or that their

C., P. & St. L. Ry. Co. v. Mikesell.

duties shall bring them into habitual association, so that they may exercise an influence upon each other promotive of proper caution.

2. FELLOW-SERVANTS—*burden of proof to establish.* The burden of proof to establish the relation of fellow-servants is upon the defendant, notwithstanding the existence of such relation may be negatived in the plaintiff's declaration.

3. FELLOW-SERVANTS—*when question of existence of relation of, is one of law.* The question as to who are fellow-servants is, ordinarily, one of fact, and does not become one of law unless the facts admitted or proved beyond dispute are so conclusive that all reasonably intelligent minds must reach the conclusion that such servants come within the definition of the rule; the facts may even be uncontroverted, still the conclusion to be drawn therefrom may remain one of fact to be determined by the jury.

4. FELLOW-SERVANTS—*who are not, as a matter of law.* One engaged, under the direction of an engineer, in the work of shoveling snow is not, as a matter of law, a fellow-servant with a section foreman or his helper who is engaged in the work of throwing off ties from a railroad train. (Abend v. T. H. & I. R. R. Co., 111 Ill. 202, explained.)

5. CONSTRUCTION TRAIN—*what is not a, as a matter of law.* The mere fact that an engine regularly detailed to haul extra freight trains, is directed to haul a single car of railroad ties for distribution a distance of a mile or a mile and a half along the railroad's right of way, does not, as a matter of law, fix the status of such engine and car as a construction train.

Action on the case for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed March 16, 1904.

BLUFORD WILSON and PHILIP BARTON WARREN, for appellant.

MATHER & SNIGG, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by appellee against appellant, to recover damages for an injury sustained to his leg by a railroad tie negligently thrown by servants of appellant from a car on one of its trains. There was a verdict in favor of appellee for $500, upon which the court entered judgment.

At the close of plaintiff's evidence and again at the close of all the evidence appellant moved the court to instruct the jury to find it not guilty. The refusal of the court to give these instructions is the only ground urged for a reversal of the judgment.

Appellee was employed by appellant as a locomotive fireman on one of its engines, detailed to haul extra freight trains. On January 13, 1903, such engine was attached to a car loaded with railroad ties, with directions to the crew, consisting of the locomotive engineer, appellee and some section men, including the section foreman, to distribute such ties along appellant's right of way between Worden and Manix. When such engine and car had reached the place of distribution, and while the section foreman and his helper were engaged in throwing ties from the car, appellee was directed by the engineer to shovel snow on the hot ashes and clinkers taken from the ash pan, to prevent fire from communicating to the ties on the track. While appellee was so engaged, one of the ties, negligently thrown by the section foreman and his helper, struck appellee on the leg, causing the injury complained of.

It is insisted that upon the state of facts above recited, it must be held as a conclusion of law, that appellee and the section foreman are fellow-servants, and that the peremptory instruction should have been given as asked. To constitute servants of the same master fellow-servants, it is essential that they shall be, at the time of the injury, directly cooperating with each other in a particular business in the same line of employment, or that their duties shall bring them into habitual association, so that they may exercise an influence upon each other, promotive of proper caution. Pagels v. Meyer, 193 Ill. 172. The burden of proof to establish that relation is upon the defendant, notwithstanding the existence of such relation is negatived in plaintiff's declaration. Missouri Malleable Iron Co. v. Dillon, 206 Ill. 145. The question, therefore, whether servants of a common master are fellow-servants, is one of fact for the jury, and does not become a question of law unless

the facts admitted or proved beyond dispute are so conclusive that all reasonably intelligent minds must reach the conclusion that such servants come within the definition of the rule. The facts with reference to the relation between servants of a common master and their respective duties in any particular case may be uncontroverted, and yet the conclusion whether the relation of fellow-servants exists between such servants may still remain one in regard to which reasonably intelligent minds would differ. L. E. & St. L. R. R. Co. v. Hawthorn, 147 Ill. 226. "It is not enough that they are servants of the same master, employed in the same enterprise." L. E. & St. L. R. R. Co. v. Hawthorn, *supra.*

Appellee was in the performance of his duty, following the specific directions of the engineer, in shoveling snow on the clinkers and ashes taken from the engine. It cannot be said as a necessary conclusion of law that such work bore such a direct relation to the particular work of throwing off ties being done by the section foreman and his helper, as to bring them within the meaning of the rule. They were not directly cooperating in the same line of employment. C. & A. R. R. Co. v. Swan, 176 Ill. 424. But it is urged, upon the authority of Abend v. T. H. & I. R. R. Co., 111 Ill. 202, that appellee and the section foreman were fellow-servants because they together with other servants of appellant, formed the " crew " of a " construction train," and as such " crew " they were engaged in a common branch of service and therefore within the meaning of the rule, in a common employment. Since the opinion of the court in M. & O. R. R. Co. v. Massey, 152 Ill. 144, the case of Abend v. T. H. & I. R. R. Co., *supra*, cannot be regarded as announcing a strictly accurate application of the fellow-servant rule. There is a conflict in the evidence as to whether the extra freight train upon which appellee was employed as a locomotive fireman was properly designated a construction train and operated as such upon the occasion in question. Assuming that the crew of the construction train must, as a matter of law, be held to be fellow-serv-

ants, because they are directly cooperating in a particular business in the same line of employment or because their duties bring them into habitual association, so that they may exercise an influence upon each other promotive of proper caution, it still remains a question of fact for the jury, whether the train in question was such a construction train. The mere fact that an engine regularly detailed to haul extra freight trains, is directed to haul a single car of railroad ties, for distribution a distance of a mile or a mile and a half along the railroad right of way, as in this case, does not, as a matter of law, fix the status of such engine and car as a construction train. As was said in Pagels v. Meyer, *supra:* " The basis of the classification of servants of the same master, into those who are fellow-servants and those who are not, as established in this state, is such personal relation and association between them as affords opportunity and power to influence each other to proper caution by counsel, advice and example, or the want of such personal relation and association." Whether such personal relation and association existed in this particular case, was a question of fact for the jury and not one of law for the court. We are not disposed to say upon the record in this case, that the jury came to an unwarranted conclusion in finding that such relation and association did not exist between appellee and the section foreman.

It is urged that appellee was guilty of such contributory negligence as precludes a recovery. The appellee was the only witness who testified with reference to the manner in which the injury resulted and without detailing his evidence in that regard, it is sufficient to say that it authorized a finding by the jury that he was in the exercise of ordinary care for his own safety.

The judgment is affirmed.

*Affirmed.*