## East St. Louis & Suburban Railway Company v. John Hill.

1. FELLOW-SERVANTS—*burden of proof to establish relation of.* The burden of proof to establish the relation of fellow-servants is upon the defendant.

2. FELLOW-SERVANTS—*who are not.* A foreman and the members of a crew working under him are not fellow-servants, as a matter of law.

3. FELLOW-SERVANT—*when foreman not.* A foreman is the representative of his master, and not a fellow-servant, where instead of ordering the performance of a negligent act he performs it himself.

Action in case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

SCHAEFER & FARMER, for appellant.

F. C. SMITH and M. MILLARD, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the City Court of East St. Louis, by appellee against appellant, to recover for a personal injury sustained by appellee while in the service of appellant. Trial by jury. Verdict and judgment in favor of appellee for $1,000.

On the day of appellee's injury he was in the service of appellant as a member of a construction crew, consisting of a foreman and seven men. This crew had in use a "work car." On the front end of this car was a cab, the width of the car and about six feet deep. The car was an electric car, and the foreman of the crew acted as motorman and had full charge and control of the car and its movements. One side of the cab was occupied by the foreman when he was in the act of moving the car, and the dinner buckets and tools of the crew were carried in the other.

The men could ride in this cab if they chose, though it was crowded and uncomfortable to do so; they usually did, however, when it was raining. The foreman did not direct where they should ride and the men rode on any part of the car they pleased. At the time of the injury one of the men was in the cab with the foreman. Behind the cab was the platform about 20 feet long upon which material for their work was carried and upon which the men rode when they wished to. On the occasion of the injury this platform was loaded with timbers. The load consisted of 26 pieces of squared timber, 14 of them being 12x12 inches square and 24 feet long, and the others being 8x16 inches, 12 feet long. The foreman and all of the men took part in the loading, appellee being on the platform and placing the timbers with a cant-hook and pinch-bar. When the timbers were all placed they covered the platform to the depth of about three feet.

When the loading was done the foreman started the car on its journey to the place where the timbers were to be used. For some distance after the car started appellee was in the cab eating his lunch; when he had finished eating and the car had made a stop at Edgemont, he went out of the cab and sat upon the timbers, "in the middle of the car right up against the cab," facing the west side. All the other men but one were riding upon the loaded platform, and, except when it was raining, this appears from the evidence to have been the usual practice, but there was no rule of the company as to where they should ride and the foreman gave no directions respecting the matter; each man rode where he pleased. There is no contention or suggestion by counsel for either appellee or appellant that the car was not properly loaded.

As the car progressed on its journey, it struck a sharp curve in the track, going at a speed of twenty miles an hour; this threw the timbers off the platform, appellee going off with them, sustaining serious and probably permanent injury. Appellee had worked in the crew for about four months, knew of the curve in the track, and had been over

it at least a dozen times, but never at so high a rate of
speed as on the occasion of the injury. To approach and
strike the curve at so high a speed may well have been found
by the jury to be negligent and dangerous. This we under-
stand to be conceded. And it is claimed by appellee that
"the high rate of speed the car was running round the curve
is what caused the accident" and appellee's injury, and this
appellant's counsel concede to be true, as we understand
them.

A reversal of the judgment of the trial court is contended
for on two grounds only, that appellee was guilty of con-
tributory negligence, and that the foreman of the crew
who was running the car, at the time of the injury, was
appellee's fellow-servant, within the meaning of the fellow-
servant rule, as in force in this State. Counsel say:
"There are two facts which preclude a recovery in this case;
first, appellee was a fellow-servant with the motorman, Han-
lon, who operated the car at a high rate of speed and caused
the accident; second, appellee was guilty of contributory
negligence." No other grounds for a reversal are urged and
we are therefore required to consider only these two proposi-
tions, but it must be borne in mind that Hanlon was more
than a mere motorman, he was the foreman of the crew,
and not only had command of the men but had unlimited
control of all the appliances which included the car upon
which he was carrying the men.

The burden of proof to establish the relation of fellow-
servant is upon the defendant, appellant in this case. Hart-
ley v. C. & A. R. R. Co., 197 Ill., 440; Missouri Malleable
Iron Co. v. Dillon, 206 Ill., 145 (155). "The question
whether servants of a common master are fellow-servants,
is one of fact for the jury, and does not become a question
of law unless the facts admitted or proved beyond dispute
are so conclusive that all reasonably intelligent minds must
reach the conclusion that such servants come within the
definition of the rule. The facts with reference to the rela-
tion of a common master and their respective duties in any
particular case may be uncontroverted, and yet the conclu-

sion whether the relation of fellow-servant exists between such servants may still remain one in regard to which reasonably intelligent minds would differ." C. P. & St. L. Ry. Co. v. Mikesell, 113 Ill. App., 146; L. E. & St. L. R. R. Co. v. Hawthorn, 147 Ill., 226 (232).

Hanlon, the foreman, was the direct representative of appellant, and certainly not as a matter of law a fellow-servant with any of the men of the crew working under him. He was a vice principal. For the purposes of this case, he was appellant, there present and acting in person. C. & E. I. R. R. Co. v. Kimmel, 221 Ill., 547.

It is suggested by counsel for appellant that at the immediate time of appellee's injury, Hanlon was acting as motorman in driving the car, and they contend that in such capacity he was not acting as foreman but merely as a co-laborer with the other servants. Many cases are cited in support of this contention and it is clear that in certain cases the rule is as contended for; but in this case, the car was one of the appliances in use by the crew for the performance of the work. It was under the direct control of the foreman as were the men, tools and materials. He and he only controlled its every movement, not primarily as motorman but as foreman of the crew. He alone had the power to determine when it should start, when it should stop and how fast it should run. The fact that his will was put into action by his own hand instead of another's, did not make him a mere motorman any more than if it had been done by another by his express command. If a man other than the foreman had been driving the car, and the foreman, under all the circumstances disclosed in this record, had ordered him to approach and strike the curve at a speed of twenty miles per hour, would there be then any doubt as to the capacity in which the foreman was acting in giving the order? We are of opinion that the mere fact that the purpose of his mind was executed by his own hand does not change the relation so as to make him a fellow-servant with the other members of the crew. Norton Bros. v. Nadebok, 190 Ill., 595 (603). The following cases all throw more

or less light upon the question as to the relation existing, under the facts of the case, between the foreman and appellee, viz.: Taylor Coal Co. v. Dawes, 220 Ill., 145; Illinois Southern Ry. Co. v. Marshall, 210 Ill., 562 (572); Slack v. Harris, 200 Ill., 96; Metropolitan Ry. Co. v. Skola, 183 Ill., 454; Pittsburg Bridge Co. v. Walker, 170 Ill., 550; Illinois Steel Co. v. Schymanowski, 162 Ill., 447.

We are of opinion that the question whether appellee and Hanlon were fellow-servants at the time the injury occurred, under the circumstances of this case, was a question of fact for the jury. The record discloses that the question was fairly and fully submitted to the jury upon the instructions asked for by appellant.

As to the question of contributory negligence, counsel contend that by riding on the platform instead of riding in the cab appellee was guilty as matter of law of contributory negligence. At this point in the case we must call to mind that the so-called platform was in fact a flat car, thirty feet long and eight feet wide; and that the so-called cab was some sort of an inclosure covering about six feet of the front end of this flat car, one side of which was occupied by the foreman and motor appliances and the other side by the tools and dinner buckets of the crew. This it is true did not make it impossible for the men to stand in there, and they sometimes did so when it was raining. It is also true that the fact that it was neither a comfortable nor a convenient place to ride would not warrant the men in riding in a place that was obviously more dangerous, but there is the question. When all the perils of travel on that kind of car are taken into consideration, can any court say as matter of law that the place occupied by appellee was obviously more dangerous than it might have been for all the men huddled together in the little unoccupied space in the cab. It requires little imagination, in the light of accidents which daily occur and that were more likely to occur on this occasion than the one that did occur, to conceive of conditions under which appellee's position at the time would have been infinitely less dangerous than to have been in the so-called

cab. In a particular case, after it is all over, it is easy to see that if the injured one had been somewhere else he would not have been hurt.

In this connection it is put forward that appellee had been in appellant's service as a member of this crew for four weeks, that he knew of this curve and had ridden over it a dozen times. True, but never at such a rate of speed as on this occasion, and no accident of any kind had ever happened there before; and he did not know and he had no reason to suspect or fear that appellant would drive the car against the curve at so high and dangerous a speed on this occasion.

We are of opinion that the question whether appellee was guilty of contributory negligence on the occasion and at the time of the injury, under the circumstances of this case, was a question of fact for the jury, and not a question of law for the court. This question, too, was fairly and most fully submitted to the jury upon instructions asked by appellant.

The judgment of the City Court of East St. Louis is affirmed.

*Affirmed.*