Springside Coal Mining Co. v. Grogan.

---

## Springside Coal Mining Company v. Dora Grogan, Administratrix.

1. NEGLIGENCE—*Can Not be Shown by Matters Occurring Subsequently.*--The question of negligence must be determined by what occurred before and at the time of the injury, and not by what was done afterward; but matter occurring subsequently is not objectionable if brought out upon cross-examination.

2. SAME—*When Combined with Accident.*—No one is liable for a pure accident, but if a person be injured by the combined elements of accident and the negligence of another, while in the exercise of due care and caution for his own safety, and it be shown that such negligence was the proximate cause of the injury, the party guilty of the negligence may be made to respond in damages.

**Trespass on the Case.**—Death from negligent act. Appeal from the Circuit Court of Christian County; the Hon. JACOB FOUKE, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

### STATEMENT OF THE CASE.

This is an appeal from a judgment entered against the appellant company in an action under the statute, brought

by Dora Grogan as administratrix of the estate of Thomas Grogan, deceased, to recover damages for the benefit of the widow and next of kin of said deceased, whose death, as it was alleged, was attributable to the negligence of the appellant company.

We reversed a judgment rendered for the sole benefit of Dora Grogan, as widow of the said Thomas, against the said appellant company (appellant company v. Dora Grogan, 53 Ill. App. 60), and the statement then made of the facts need not be here repeated, but we must add thereto that in the case at bar plaintiffs charged that certain planks had been so laid across the opening or mouth of the air shaft as to prevent the entrance of any object of such size or weight as might fall upon and injure the workmen, and that the mouth of the pit or shaft was thus protected at the time said Thomas Grogan went into the shaft to work on the day of his death, and that after he had gone down into the pit, and without his knowledge, the planks were removed by the employes of the appellant company and the pit left open, so that when the barrel blew or fell from the truck there was nothing to obstruct its entrance into the pit, and that it did so enter the mouth of the pit and from thence dropped to the bottom and there struck and killed said Thomas Grogan.

Upon a hearing before a jury, judgment was entered against the company in the sum of $3,700, and it has prosecuted this appeal.

ANTHONY THORNTON, attorney for appellant.

DRENNAN & HOGAN and H. J. HAMLIN, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

It is complained that the court improperly admitted proof that the company on the day after the death of Grogan placed a wire netting over the air shaft. The rule drawn from Hodges v. Percival, 132 Ill. 56, that prior negligence

can not be shown by precautions taken after the injury complained of and that such subsequent precaution ought not to be proven for the reason the jury are apt to consider it an admission of negligence, is invoked in support of the objection.

We think no error occurred in this regard. A witness introduced in behalf of the appellant, testified it was essential the deceased and others, while at work in the pit, should be supplied with fresh air, and gave it as his opinion, based upon long experience in mining, that the mouth of this shaft could not have been protected by planks without affecting the supply of air and endangering the health and lives of the workmen, and further that in his judgment the entire open space of this shaft should have been left wholly unobstructed in order the supply of fresh air should be sufficient.

Appellee was then allowed to show by cross-questions, propounded to the same witness, that a wire screen was put over the mouth of this air shaft on the next day after Grogan was killed, and that it did not obstruct the passage of the air, and that the workmen did not suffer from any lack of pure air. The testimony thus elicited was fairly within the scope of legitimate cross-examination. The testimony in chief of the witness tended, and was intended, to lead the jury to the conclusion, the appellant company could not by any reasonable means have covered the mouth of the shaft so that the barrel could not have entered it without depriving the workmen of the necessary supply of pure and fresh air and thereby endangering the health and lives of such workmen, and the cross-examination was only intended to bring out facts in rebuttal of such conclusion.

Moreover the court instructed the jury " that the question of negligence must be determined by what occurred before and at the time of the injury and not what was done afterward."

It is next contended by counsel, no wrongful act, negligence or default on the part of the company was proven. We can not assent to this. It was necessary the air shaft

should be kept open sufficiently for purposes of ventilation, and yet equally necessary, even to a casual observer, the safety of the workmen at the bottom of the shaft required it should in some manner be protected at the top so that nothing dangerous to the workmen could fall into it. This might have been accomplished by building a curbing or fencing about it high enough to protect the opening, or perhaps by a wire screen stretched across it.

The company for purposes of its own convenience adopted the plan of laying a track across the mouth of the air shaft and running thereon a car or truck upon which it conveyed in a barrel the earth, stones, water, etc., brought up from the hoisting shaft. In this way the earth and substances from the pit could be conveyed more conveniently and with less expense, to the place where the company desired to deposit them, and as fencing or curbing in the shaft would have obstructed or prevented the passage of the car, neither was erected, nor was a wire screen put across the opening.

The safety of the workmen, not intentionally but actually, was subordinated to the convenience of the company and to the reduction of the cost of the work of sinking the shaft.

But it is urged the deceased knew of the plan adopted for doing the work and the danger to which he was thereby exposed, and that without complaint, or promise that a safer mode would be adopted, he continued in the employment, and, hence, it is argued, recovery must be denied under the authority of the rule announced in Peoria Bridge Co. v. Loomis, 20 Ill. 250, and City of Chicago v. Martin, 49 Ill. 246, as governing in such state of case.

The principle sought to be invoked has no application if the injury complained of resulted from acts of negligence so gross in character as to imply a reckless disregard of the consequences, and justify the presumption of willfulness or wantonness in the legal sense and meaning of those words.

But we do not conceive it necessary we should assume the jury entertained the view that the negligence of the company was so gross as to warrant the implication of will-

fulness or wantonness.   We more readily accept the position
of the appellee that the company attempted to protect the
mouth of the shaft by placing and keeping planks there, and
that the deceased knew this and relied upon it for safety,
and that such planks were thoughtlessly removed by some
employe of the company after deceased went down to his
work on the fatal day.   Upon the point whether the cover-
ing was so protected or the planks so removed, there was
sharp conflict in the testimony, from which it was the duty
and the peculiar province of the jury to ascertain and deter-
mine the truth.

It is evident the deceased understood the mouth of the
shaft was covered and protected and that he relied upon
such covering for safety, for when he was advised by his
fellow-workmen that something was falling down upon
them from above, he was working at the bottom of the
hoisting shaft and he immediately fled to the air shaft as a
place safe from such dangers.

There was testimony warranting the jury in adopting the
conclusion that the position of the appellee was correct, and
we are content to accept the result of their deliberations.

Nor do we think error of reversible character occurred
in the giving or refusing of instructions.   The purpose of
the first and second instructions given for the appellee was
to advise the jury that only a preponderance of evidence
was necessary to support the material allegations of the
declaration, but they were so framed as to give color at
least to the criticism of counsel that the jury were left at
liberty to determine which of the allegations of the declara-
tion were material and necessary to be supported by a pre-
ponderance of evidence, and which immaterial to the right
of recovery.   The criticism of these instructions may be
sound in the abstract, but no reason is pointed out, and we
are unable to conceive any exists, for concluding the jury
might have regarded as immaterial some material allega-
tion, and because of such error did not understand such
allegations must be supported by a preponderance of testi-
mony.   Nothing in the case warrants the conclusion the

cause of the appellant company was or might have been prejudiced by anything contained in or omitted from these instructions.

It is insisted that in the third instruction, it is assumed as being true the appellant company was negligent as charged. The instruction is somewhat peculiar, but the objection to it is based upon deductions which only arise inferentially and from strained and refined constructions of its context.

A more reasonable and fair reading removes the objection, and when considered in connection with the other instructions given in behalf of each of the litigants, it can hardly be seriously urged the jury could have been misled to believe the court had assumed to decide that question of fact for them. There is no substantial ground of objection to the fourth instruction. It concludes with the words— "And you should find for the plaintiff," but when considered in connection with that which precedes, it is clear the jury would not regard this as an arbitrary direction to return a verdict for the plaintiff, but as contingent upon the conclusion reached by them upon the matters referred to in the body of the instruction.

The appellant company had introduced proof that the barrel was blown into the shaft by a sudden and violent gust of wind, and upon this based the contention the death of the deceased was the result of unavoidable accident. The fourth instruction upon that point is as follows: "No one is liable for a pure accident; still the law of this case is, that if the evidence shows that the deceased was killed by the combined elements of an accident and the negligence of defendant, as charged in the declaration, while he was in the exercise of due care and caution for his safety, under the circumstances surrounding him at the time, and if the evidence shows that such negligence was the proximate cause of deceased's injury and death, as alleged in the declaration, then the law is for the plaintiff, and you should find for the plaintiff."

The principle declared is in no material respect different from that announced in Pullman Car Co. v. Lack, 143 Ill.

245, where it was said : " If the injury is the result of the negligence of the defendant and of a third person, or if an inevitable accident, or an inanimate thing has contributed with the negligence of the defendant, the plaintiff may recover if the negligence of defendant was an efficient cause of the injury."

We think the instruction was applicable to the facts of the case.

The end to be subserved by protecting the opening of the air shaft by planks, curbing, fencing, wire screens or any other means was to prevent anything from entering the shaft whether such object should come there by unavoidable accident or the intentional or inadvertent act of any person.

If the exercise of ordinary care required that appellant company should have provided and maintained such covering or protection, and it failed to discharge its duty in this regard, the failure could but be regarded as the efficient cause of any injury which resulted from the admission into the mouth of the pit of any thing or substance which would have been excluded, had reasonable care to that end been exercised, and that, too, without regard to the cause or force which brought the thing or substance to the opening of the shaft.

It is not complained the court modified or refused any instructions asked by the appellant company.

Twelve were granted at its request, and the law appertaining to the defense sought to be made, fully and fairly given to the jury.

The judgment is right upon the merits and the record free from error of reversible character.