# The Springside Coal Mining Company

## *v.*

## Dora Grogan, Admx.

*Opinion filed November 8, 1897.*

1. Law and Fact—*the question of fellow-servants is one of fact for the jury.* In an action against an employer for damages for negligently causing the death of the plaintiff's intestate, whether the deceased was a fellow-servant with the party whose act occasioned the injury is a question of fact for the jury, which is conclusively settled by a judgment of affirmance by the Appellate Court.

2. Appeals and Errors—*Appellate Court's judgment is conclusive of evidentiary as well as ultimate facts.* In suits at law a judgment of affirmance by the Appellate Court is conclusive, not only of the controverted ultimate questions of fact, but also of those evidentiary or subordinate facts on which the ultimate facts are based.

*Springside Coal Mining Co.* v. *Grogan,* 67 Ill. App. 487, affirmed.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Christian county; the Hon. Jacob Fouke, Judge, presiding.

Anthony Thornton, J. C. McQuigg, and J. C. Mc-Bride, for appellant.

Drennan & Hogan, and H. J. Hamlin, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This is an appeal from the Appellate Court for the Third District, affirming a judgment of the circuit court of Christian county in favor of the appellee, Dora Grogan, administratrix of the estate of Thomas Grogan, against the Springside Coal Mining Company, appellant. Thomas Grogan was killed in the coal mine of the defendant while working at the bottom of a shaft which was being sunk. The theory upon which plaintiff's declaration was filed was, that the deceased was struck and killed by a barrel which fell down the air-shaft, the approximate cause of

the injury being the negligence of the defendant in not properly protecting the entrance to the air-shaft.

In the Appellate Court errors were assigned as to the sufficiency of the evidence to sustain the verdict and judgment of the circuit court, and the principal ground of reversal urged here is, that the deceased, who was working at the bottom of the shaft, was a fellow-servant with the persons working at the top of the shaft and who left the opening unprotected, and therefore the common master was not liable. Whether or not the relation of fellow servants existed between the employees was a question of fact for the jury, (*Indianapolis and St. Louis Railroad Co.* v. *Morgenstern,* 106 Ill. 216, *Chicago and Northwestern Railway Co.* v. *Moranda,* 108 id. 576, and cases cited,) and that question, as well as all other controverted questions of fact, is conclusively settled by the judgment of the Appellate Court affirming that of the circuit court. This is so "not only in respect to the principal and ultimate facts upon which the right of recovery or ground of defense is claimed or based, but also in respect to the evidentiary and subordinate facts, which are mere evidence of such principal facts." *Hamburg-American Packet Co.* v. *Gattman,* 127 Ill. 598.

It is also assigned for error that the trial court erred in the admission and exclusion of evidence, and in the giving of instructions on behalf of the plaintiff. We have carefully considered these questions, and are satisfied that there was no substantial error committed by the circuit court in that regard, and that the Appellate Court properly disposed of each of these assignments of error. (67 Ill. App. 487.) No good purpose would be served by a further discussion of them here.

No reversible errors of law appearing upon the record the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*