176  424
79a 683
176  424
80a 361
80a 364
80a 397
176  424
83a 666
176  424
182  222
182  364
176  424
88a 176
176  424
d90a ²612
176  424
190  ²599
176  424
e193 ¹179
176  424
103a ²140
176  424
104a ² 32
176  424
107a ¹150
107a ²586
176  424
208  ¹200
110a  13
176  424
113a 149
176  424
115a  8

## The Chicago and Alton Railroad Company

### *v.*

### Walter R. Swan.

*Opinion filed October 24, 1898—Rehearing denied December 14, 1898.*

1. Pleading—*it is not necessary to aver matters of conclusion.* A declaration against a railroad company by a baggage-man for injuries received through the alleged negligence of the engineer need not aver, in terms, that the engineer was not a fellow-servant of the plaintiff, where the facts showing their relation are stated.

2. Fellow-servants—*whether relation exists in particular case is for the jury.* The definition of the legal term "fellow-servants" is a question of law, but whether the facts in a particular case bring the relation shown to exist between the parties within that definition is ordinarily a question of fact for the jury.

3. Same—*baggage-man and engineer not fellow-servants as a matter of law.* The baggage-man and the engineer of the same train are not, *per se* and as a matter of law, fellow-servants. (*Leeper* v. *Terre Haute and Indianapolis Railroad Co.* 162 Ill. 215, explained.)

Phillips and Cartwright, JJ., dissenting.

*Chicago and Alton Railroad Co.* v. *Swan,* 70 Ill. App. 331, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Francis Adams, Judge, presiding.

In this action, which was begun in the circuit court of Cook county, Walter R. Swan sued the Chicago and Alton Railroad Company for damages resulting from a personal injury. The declaration in case alleged that plaintiff was a baggage-man on one of the passenger trains of the defendant running from the city of Chicago to the city

of St. Louis, and that at Chappell Crossing, some twelve miles from the union depot in Chicago, through the negligence of the engineer of the train in failing to regard signals, the train was derailed, and the car in which plaintiff was at the time, in the proper discharge of his duty as baggage-man, turned over and he was severely injured. A plea of the general issue being filed, a trial was had before a jury, resulting in a verdict and judgment for the plaintiff for $14,000. On appeal the Appellate Court for the First District affirmed that judgment, and the railroad company again appeals.

MONROE & THORNTON, (WILLIAM BROWN, of counsel,) for appellant:

Servants of a common master will be fellow-servants within the rule which prohibits recovery from that master by one servant for an injury occasioned by the negligence of another servant, if at the time of the injury they are either directly co-operating with each other in a particular business,—*i. e.*, in the same line of employment,—or their usual duties are such as to bring them into habitual association, so that they may exercise a mutual influence over each other promotive of proper caution. *Railroad Co.* v. *Moranda*, 93 Ill. 302; 108 id. 576; *Railroad Co.* v. *Snyder*, 117 id. 376; 128 id. 655; *Railroad Co.* v. *Hoyt*, 122 id. 369; *Rolling Mill Co.* v. *Johnson*, 114 id. 57; *Railroad Co.* v. *Kneirim*, 152 id. 458; *Railroad Co.* v. *O'Brien*, 155 id. 630; *Railroad Co.* v. *Geary*, 110 id. 383; *Railroad Co.* v. *Kelly*, 127 id. 637; *Joliet Steel Co.* v. *Shields*, 134 id. 209; 146 id. 603; *Stafford* v. *Railroad Co.* 114 id. 244; *Railroad Co.* v. *Hawthorn*, 147 id. 226; *Wenona Coal Co.* v. *Holmquist*, 152 id. 581; *Leeper* v. *Railroad Co.* 162 id. 215.

The expression "the same line of employment," is here expressly given the same meaning as the preceding words "in a particular business," in which the servants must be directly co-operating with each other. *Railroad Co.* v. *O'Brien*, 155 Ill. 630.

The question of fellow-servants is not one of departments. Those in the same department are not necessarily fellow-servants. *Railroad Co.* v. *O'Brien,* 155 Ill. 630.

Those in different departments may be fellow-servants. *Joliet Steel Co.* v. *Shields,* 146 Ill. 603; *Railroad Co.* v. *Geary,* 110 id. 383.

A laborer on a wood train and the engineer and conductor are fellow-servants. *Railroad Co.* v. *Cox,* 21 Ill. 23.

A laborer on a construction train and the engineer and conductor are fellow-servants. *Railroad Co.* v. *Keefe,* 47 Ill. 108.

The baggage-man and engineer are fellow-servants. *Railroad Co.* v. *Keefe,* 47 Ill. 108.

If servants of a common master are not associated together in the performance of their duties, *or* their employment does not require co-operation *or* bring them together *or* into such relations that they can exercise an influence over each other promotive of proper caution, they are not fellow-servants. *Leeper* v. *Railroad Co.* 162 Ill. 215; *Railway Co.* v. *Moranda,* 108 id. 576; *Railroad Co.* v. *Hawthorn,* 147 id. 226; *Railroad Co.* v. *Kelly,* 127 id. 637.

The limitations are always separated by the disjunctive *or*—not connected by the conjunction *and.* These are all the limitations that have been imposed on the common law rule of fellow-servants by this court.

F. H. Trude, (Dennis & Rigby, of counsel,) for appellee:

The question whether or not the plaintiff, baggage-man and engineer were fellow-servants is not an open one in this court. It was a question of fact, and was conclusively settled by the judgment of the Appellate Court. *Railroad Co.* v. *Massey,* 152 Ill. 144; *Railroad Co.* v. *Kelly,* 127 id. 637; *Wenona Coal Co.* v. *Holmquist,* 152 id. 581; *Railroad Co.* v. *O'Brien,* 155 id. 630; *Railroad Co.* v. *Morgenstern,* 106 id. 216; *Railroad Co.* v. *Hawthorn,* 147 id. 226; *Pullman Car Co.* v. *Laack,* 143 id. 242.

The declaration need not show affirmatively by express averments that the injury complained of was caused by the negligent acts of agents or servants of the defendant who were not fellow-servants of the plaintiff. *Libby* v. *Scherman*, 146 Ill. 540; *Cribben* v. *Callaghan*, 156 id. 549; *Railroad Co.* v. *Hawthorn*, 147 id. 226.

The plaintiff, baggage-man and engineer were not, as a matter of law, fellow-servants, within the rule of this State. *Railroad Co.* v. *O'Brien*, 155 Ill. 630; *Railroad Co.* v. *Hawthorn*, 147 id. 226; *Railroad Co.* v. *Dwyer*, 162 id. 482.

The test of fellow-servants is: Were they directly co-operating; did they usually work together; did their usual duties bring them into habitual association, so that they might exercise a mutual influence over each other promotive of proper caution. *Railway Co.* v. *Moranda*, 93 Ill. 302; 108 id. 576; *Railroad Co.* v. *Hawthorn*, 147 id. 226; *Rolling Mill Co.* v. *Johnson*, 114 id. 57; *Railroad Co.* v. *O'Brien*, 155 id. 630.

Mr. Justice Wilkin delivered the opinion of the court:

The first and principal contention of counsel for appellant is, that the declaration is insufficient to sustain the judgment. It is objected that it fails to allege that the plaintiff and the engineer, through whose negligence it is claimed he was injured, were not fellow-servants. Such an averment was unnecessary. (*Cribben* v. *Callaghan*, 156 Ill. 549; *Louisville, Evansville and St. Louis Railroad Co.* v. *Hawthorn*, 147 id. 226; *Libby, McNeill & Libby* v. *Scherman*, 146 id. 540.) The facts showing the relation of the parties are stated in the declaration. It is never necessary to aver mere matters of conclusion. *Taylor* v. *Felsing*, 164 Ill. 331.

But it is said the facts so alleged show the relation of fellow-servants to have existed. This position is only tenable, if at all, upon the ground that the engineer of a passenger train and the baggage-master on the same are, *per se,* fellow-servants at all times and under all circum-

stances, which is not true. Taking the rule in this State for determining whether employees are fellow-servants in the sense which will relieve the common master from liability for an injury to one through the negligence of the other to be as quoted in *Chicago and Eastern Illinois Railroad Co.* v. *Kneirim,* 152 Ill. 458, two tests of the master's liability under that rule are assumed to exist: First, "where they are directly co-operating with each other in a particular business in the same line of employment;" and second, "where their duties are such as to bring them into habitual association, so that they may exercise a mutual influence upon each other promotive of proper caution." As thus construed, the qualifying words, "so that they may exercise a mutual influence upon each other promotive of proper caution," have no application to the first, but are limited entirely to the second. Under this construction, and further assuming that an engineer and a baggage-man on the same train do, as a matter of law, directly co-operate with each other in the business (of running the train) in the same line of employment, the conclusion is reached that plaintiff and the engineer who negligently injured him are shown by the declaration to have been fellow-servants of the defendant. Whatever may be said of the correctness of the construction tested by strict grammatical rules, it is unsound in law, under the decisions of this court. The reason for the rule, definitely settled in this State since the *Moranda case,* (93 Ill. 302,) is wholly inconsistent with the restricted construction here contended for, as shown by the cases cited in the opinion of the Appellate Court by Justice GARY.

We do not understand that the *Kneirim case, supra,* or *Leeper* v. *Terre Haute and Indianapolis Railroad Co.* 162 Ill. 215, in view of the matters there under consideration, conflict with this conclusion. The quotation from 53 Ill. 336, in the *Leeper case,* was perhaps unnecessary, and more liable to mislead than make clear the point under consideration, but it sufficiently appears from the whole opinion

that it was not intended, by the use of that language, to give a definition of the term "fellow-servant." The same language had been criticised as such a definition in the *Moranda case,* and was well understood as not conforming to the rule then announced and since adhered to.

Neither do we assent to the view that under the facts stated in this declaration plaintiff and the engineer in charge of the locomotive drawing the train were necessarily fellow-servants, even under the rule as interpreted by counsel. Whether different servants of the same master are fellow-servants, within the legal signification of that term, is a question of fact, to be determined by the jury from all the circumstances of each case. (*Mobile and Ohio Railroad Co.* v. *Massey,* 152 Ill. 144; *Louisville, Evansville and St. Louis Railroad Co.* v. *Hawthorn, supra; Chicago and Alton Railroad Co.* v. *House,* 172 Ill. 601; *Lake Erie and Western Railroad Co.* v. *Middleton,* 142 id. 550.) The definition of fellow-servants is a question of law. Whether a given case falls within that definition is a question of fact. (See the foregoing cases, and also *Springside Mining Co.* v. *Grogan,* 169 Ill. 50, and *Pittsburg Bridge Co.* v. *Walker,* 170 id. 550.) In determining whether the relation exists it is often necessary to determine many facts, some of which are recited in the opinion in the *Morgenstern case,* 106 Ill. 216.

It is difficult to see upon what theory it can be held that a baggage-man, as such, has any control over the movements of the train upon which he is employed or anything to do with the running of the same. Proof that one was a baggage-man and the other an engineer would, of itself, justify the inference that they were not directly co-operating with each other in the business of running the train, and hence not fellow-servants under our rule. But in this case the plaintiff testified that his duties as baggage-man were to handle baggage and railroad letters, and anything of that kind pertaining to railroad business in his car; that he had nothing to do outside of the car,

and that the conductor or engineer had no control over him in the performance of his duties; also, that he was hired by the general baggage agent, and instructed that his place was in the baggage car; that he had never been required to get out and perform other duties for the train-men, and that it was not the custom for baggage-men to do so. There was, as a matter of fact, no co-operation between him and the engineer.

The declaration sustains the judgment, and the evidence supports the allegations of the declaration.

We have not, in the view taken of the case, deemed it important to inquire whether the objections urged against the declaration could be made after verdict and without a motion in arrest of judgment, or whether the question of the sufficiency of the evidence to sustain the plaintiff's cause of action was properly preserved in the record as one of law, so as to be reviewable in this court.

It is urged that the trial court erred in giving the fourth and fifth instructions on behalf of the plaintiff, and refusing the third and fifth asked by the defendant. We think the fourth and fifth were properly given under the facts of the case, and were fair, to say the least, for the defendant. The third of defendant's instructions was substantially given in another asked by it. The fifth was properly refused because it assumed that a baggage-man and engineer on the same train are, as a matter of law, fellow-servants. We have examined the instructions given to the jury both for the plaintiff and defendant, and are convinced that the defendant has no just grounds of complaint in that regard.

Other objections are made to the ruling of the circuit court on the trial, but we do not regard them as of substantial merit.

We find no reversible errors of law in the record. The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*