## Chicago City Railway Company v. Thomas Leach.

1. FELLOW-SERVANTS—*Allegation Denying Relationship—When Not Necessary.*—An allegation denying the relationship of fellow-servants is not necessary where the facts showing the relationship are stated in the declaration.  It is never necessary to plead conclusions of law arising upon given facts.

2. SAME—*When a Question of Fact and When of Law.*—Whether or not, under given circumstances, servants of a common master are fellow-servants, is a question of fact for the jury, except. where, upon conceded facts or conclusive or uncontradicted evidence, the court can say that all reasonably intelligent minds must arrive at the same conclusion, then the question becomes one of law.  If different minds may honestly draw different conclusions from the facts in evidence and legitimate inferences may be drawn therefrom, a case exists for the jury to act upon.

3. SAME—*Duty of Court to Instruct Jury—Question of Fact.*—It is the duty of the court to instruct the jury as to what constitutes the relationship of fellow-servants, but whether the circumstances of a given case fall within the rule of law, is a question of fact for the jury, unless where the facts are so clear as to make the question one of law only.

4. SAME—*Rule in Illinois.*—The rule of law in this State is, "Where one servant is injured by the negligence of another servant, where they are directly co-operating with each other in a particular business in the same line of employment, or their duties are such as to

Chicago City Ry. Co. v. Leach.

bring them into habitual association, so that they exercise a mutual influence upon each other promotive of proper caution, and the master is guilty of no negligence in employing the servant causing the injury, he is not liable."

5. LIMITATIONS— *What is Not a Statement of a New Cause of Action.* —A varied description of the negligence that occasions the injury and gives rise to the cause of action, is never of itself the statement of a new cause of action.

6. PLEADING—*One Good Count Sufficient.*—If there is one good count in the declaration, and evidence enough applicable thereto to sustain a verdict, the judgment will not be reversed except for intervening errors of law.

7. MASTER AND SERVANT—*One Servant Injured by Negligence of Another.*—Where employes of the common master are not co-operating as fellow-servants, and one is injured by the negligence of another servant, the common master is liable.

8. ATTORNEYS—*Improper Remarks of Counsel.*—Where remarks of counsel in argument to the jury, from an ethical standpoint ought to be condemned, this court will not hesitate, when in close cases the necessity arises, to perform the duty which the court below should have performed.

9. DAMAGES—*When $16,500 is Not Excessive.*—Where a man forty-five years old, in good health and vigor and with the prospects of the average American who has to make his own career, is injured to the extent that his capacity for every kind of employment has been for all time seriously impaired, and his ability to get ahead in life almost ended, a judgment of $16,500 should not be disturbed because of being excessive only.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the October term, 1897. Affirmed, if remittitur is entered, otherwise reversed and remanded. Remittitur filed and cause affirmed March 17, 1899. Opinion filed March 14, 1899.

W. J. HYNES, S. S. PAGE, and H. H. MARTIN, attorneys for appellant, contended that the two causes of action set out in the two counts are distinct and separate causes of action, and that the plea of the statute of limitations to the second additional count was good, and that the trial judge erred in sustaining appellee's demurrer to it. Smith v. The Missouri Pacific R. R. Co., 50 Fed. Rep. 760.

The conclusive reasoning and decision of the court in Smith v. R. R. Co., 50 Fed. Rep., *supra,* is supported by the

numerous decisions in this State in which this court and the Supreme Court have held that if the issues presented by the two counts are different—if different evidence would be needed to sustain the one from that necessary to sustain the other, then the causes of action are different, and the statute of limitations will run against the new count. Richter v. Ins. Co., 66 Ill. App. 606; Fish v. Farwell, 160 Ill. 236; Phelps v. R. R. Co., 94 Ill. 548; C. B. & Q. v. Jones, 149 Ill. 361; R. R. Co. v. The People, 19 Ill. App. 141; U. P. Ry. Co. v. Wyler, 158 U. S. 285; Bolton v. R. R. Co., 83 Ga. 659; A. T. & S. Fe R. R. Co. v. Schroeder, 56 Kan. 731; Gorman v. The Judge, etc., 27 Mich. 138; Buntin v. Ry. Co., 41 Fed. Rep. 744; R. R. Co. v. Ledbetter, 9 So. Rep. 73; R. R. Co. v. Smith, 81 Ala. 229; R. R. Co. v. Scott, 41 Am. & Eng. R. R. Cases, 396; R. R. Co. v. Donovan, 65 N. W. Rep. 583.

No inference that Golden was in fact incompetent can properly be drawn from the mere happening of a particular accident. Hathaway v. I. C. Ry. Co., 60 N. W. Rep. 651; Sullivan v. R. R. Co., 62 Conn. 209; 1 Wharton on Neg. (2d Ed.), Sec. 240; Gier v. L. & A. Electric Ry. Co., 108 Cal. 129; Cooper v. M. & P. Ry. Co., 23 Wis. 669; Lee v. Detroit B. & I. Works, 62 Mo. 565.

It is a well established general rule that evidence of reputation as to a fact is never admissible as evidence to prove the existence of such fact; that such reputation evidence is only admissible in cases where it is material to establish notice of a fact whose existence has been otherwise proved; that when so admissible, such reputation evidence can be used only to show such notice and not the existence of such fact; and that where such notice is not a material issue, such evidence of reputation is not admissible at all. 1 Wharton on Ev., Sec. 252; Gilman v. R. R. Co., 13 Allen, 433; Malcolm v. Fuller, 152 Mass. 160; Fake v. Addicks, 45 Minn. 37; Ashbrook v. Dale, 27 Mo. App. 649; O'Neill v. R. R. Co., 15 N. Y. Supp. 84; Bliss v. Johnson, 162 Mass. 324; Branch Bank v. Parker, 5 Ala. 731; Cleveland Woolen Mills v. Sibert, 81 Ala. 144.

While proof of notoriety of a fact in a community in which a party resides is admissible, for the purpose of bringing home to such party notice thereof, the materiality and relevancy of the particular fact, and *prima facie* evidence of its existence, other than general reputation, are preliminary and requisite.   Kuglar v. Garner, 74 Ga. 765; Adams v. Slate, 25 O. St. 584; Conover v. Berdine, 69 Mo. 125; Whitney v. Gross, 140 Mass. 232; Dunham v. Rackliff, 71 Maine 345; B. & O. R. R. Co. v. Colvin, 118 Pa. St. 230; Williams v. Edmunds, 75 Mich. 92; Boich v. Bissell, 80 Mich. 260; Trowbridge v. Wheeler, 1 Allen, 162.

Wing, Chadbourne & Leach and James C. McShane, attorneys for appellee.

It is a well-settled rule that a servant can recover from the master for combined negligence of the master and of a fellow-servant.   C., B. & Q. R. R. v. Blank, 24 Ill. App. 446; Cooley on Torts, 560.

In Thomas v. Ry. Co., 8 Fed. Rep. 732, it is said: "The law will never hold it imprudent in any one to act upon the presumption that another in his conduct will act in accordance with the rights and duties of both." Citing Newson v. N. Y. C. R. R. Co., 29 N. Y. 383; Liddy v. St. L. R. R. Co., 40 Mo. 507; Langhoff v. M., etc., Ry. Co., 19 Wis. 515; Hegan v. Eighth Av. R. R. Co., 15 N. Y. 383; Penn. R. R. Co. v. Ogier, 35 Pa. St. 60, 72.

Where one servant is injured by the negligence of another servant of the common master, but not within this description of fellow-servant, the master is liable.   Joliet Steel Co. v. Shields, 134 Ill. 213; Chicago & Alton Railroad Co. v. May, Adm'x, 108 Ill. 288; Chicago & Northwestern Ry. Co. v. Snyder, 117 Ill. 376; Chicago & Alton Railroad Company v. Kelly, 127 Ill. 637; Joliet Steel Co. v. Shields, 146 Ill. 605.

The definition of fellow-servant may be a question of law, but it is always a question of fact to be determined from the evidence whether a given case falls within that definition, and it was the duty of the court to submit it to

them with proper instructions. Ind. & St. L. R. R. Co. v. Morgenstern, 106 Ill. 216.

It has been frequently announced by the Supreme Court that the question as to who are fellow-servants is so clearly a question of fact that our Appellate Courts are courts of last resort upon this question. I. C. R. R. Co. v. Reardon, 157 Ill. 372; Chi. & W. R. R. Co. v. Flynn, 154 Ill. 448.

Whether the facts be disputed or undisputed, if different minds might honestly draw different conclusions from them, the case must be left to the jury. Sioux City & P. R. Co. v. Stout, 17 Wall. 657.

To constitute servants of the same master fellow-servants within the rule *respondeat superior*, it is not enough that they are engaged in doing parts of the same work, or in the promotion of the same enterprise carried on by the master not requiring co-operation, or bringing them together, or in such relations as they might have an influence upon each other, but it is essential that at the time it is claimed such relations exist, they shall be directly co-operating with each other in the particular business in hand. C. & A. R. Co. v. O'Brien, 53 Ill. App. 198; affirmed in 155 Ill. 630.

Whether one act of negligence is sufficient to establish the incompetency of a servant depends upon the character of the act. McDermott v. Hannibal & St. J. R. R. Co., 87 Mo. 285; Baulec v. N. Y. & H. R. R. Co., 59 N. Y. 356.

In order to take advantage of improper remarks of counsel it is necessary that the court's ruling be obtained thereon and an exception taken to its ruling, which was not done in this case. West Chicago St. R. R. Co. v. Annis, 165 Ill. 476; N. Chicago St. R. R. Co. v. Gillow, 166 Ill. 444.

No more delicate question for decision can be raised than the propriety of the conduct of counsel in the trial of cases, and it is gratifying to know that the sense of professional propriety is generally such that courts seldom need interfere. When, however, the necessity arises, trial courts should not hesitate to use their authority to restrain all efforts of attorneys to obtain verdicts by using unfair means and making remarks outside of the evidence, calculated only

to arouse the prejudice and passions of the jury; and whenever such restraining influences do not effect the purpose, the fruits of such unprofessional conduct ought to be taken away by granting a new trial. It is, however, as held in the Cotton case, *supra*, a matter resting in the sound discretion of the trial judge to say when, under all the circumstances of the case, and in view of the counter remarks which may be made and the temper and character of the jury, whether a new trial should be granted or not, and unless it satisfactorily appears from the record that the trial court has abused its discretion in this regard, courts of review can not interfere. West Chicago St. R. R. Co. v. Annis, 165 Ill. 476.

The doctrine of amendments prevailing in this State is different from that which prevails elsewhere, hence the authorities of other States throw but little light upon the question. The following authorities abundantly sustain our position: Swift & Co. v. Madden, 63 Ill. App. 344; 165 Ill. 41; I. C. R. R. v. Wieland, 67 Ill. App. 338; Chicago & N. Ry. Co. v. Trayes, 17 Ill. App. 136; Liebold v. Green, 69 Ill. App. 529; Stearns v. Reidy, 33 Ill. App. 246.

Error in refusing to instruct the jury to disregard certain counts in a declaration is harmless, where there is one good count in the declaration to which the evidence is applicable, and which is sufficient to sustain the judgment. C. & A. R. R. Co. v. Anderson, 166 Ill. 572; Con. Coal Co. v. Scheiber, 167 Ill. 539; West Chic. St. R. R. Co. v. Feldstein, 169 Ill. 140.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellee sued the appellant in case for personal injuries suffered by him, and recovered a verdict and judgment for $16,500 as and for his damages.

The appellee was a conductor in the employment of appellant, having in charge two cars, a grip-car and trailer, operated over the Wabash avenue and Cottage Grove avenue line of appellant's road.

The train had come north, and going around the loop,

from Madison street along Michigan avenue to Randolph street, had about reached the intersection of the latter street and Wabash avenue, there to begin its return trip southwardly. At that point the train was stopped, and appellee went underneath, between the grip-car and trailer, to tighten a draw-bar that needed it. While so situated and engaged, and within a minute and a half to three minutes after he had gone in between the cars, another train, running upon the same track and operated by a gripman named James Golden, ran into the hind end of appellee's train with such force as to spring its brake, that had been set, and drive it around the curve to and upon Wabash avenue, a distance of about seventy feet, before it could be stopped. Appellee was caught underneath the train and dragged the whole distance, receiving very serious as well as permanent injuries. When Golden's train first turned the corner of Michigan avenue and Randolph street, he came within plain sight of appellee's train standing still, about three hundred feet ahead of him, and there was the evidence of apparently impartial witnesses that he made no effort to stop or slacken the speed of his train until close upon appellee's train, and that instead of looking ahead, as he should have done, he was looking away in another direction until too late.

When finally submitted to the jury, there remained in the case but three counts to the declaration, to wit, the first original count and the first and second additional counts.

It is argued that it was error to sustain demurrers filed by appellee to appellant's plea of the statute of limitations to the first and second additional counts.

Both of said counts were filed after the statute had run against a suit upon a new and different cause of action from that stated in the original declaration.

Said first additional count set up for the first time that appellee and Golden were not fellow-servants. In other respects it was not unlike, in substance, the first original count.

An allegation denying the relationship of fellow-servants is not necessary where the facts showing the relationship that did in fact exist are stated in the count, as was done here. It is never necessary to plead conclusions of law arising upon given facts. C. & A. R. R. Co. v. Swan, 176 Ill. 424.

Here, in this first additional count, it was alleged that appellee was conductor of one train of cars, and that appellant's other servant, by whose negligence appellee was injured, was the gripman in charge of and operating another and different train of cars. The further allegation that he was not a fellow-servant of appellee was, therefore, not necessary, and added no force to the count. Louisville, E. & St. L. R. R. Co. v. Hawthorn, 147 Ill. 233.

No new cause of action was set up in said count, and there was no error in sustaining the demurrer to the plea of the statute of limitations thereto.

The second additional count set up the incompetency of Golden as a gripman, known to or within the knowledge of appellant. Was such averment the statement of a new cause of action, or was it only a statement in a different way of the same cause of action originally declared upon?

The cause of action was the injury to appellee, occasioned by the negligence of appellant or its servants. The negligence by which the injury resulted might consist in one element or another, and might be stated in as many respects as the pleader should choose. The count in question was upon the same injury stated in the earlier counts, and only varied from them in stating in a new way the circumstances constituting the negligence, to wit, the employment of an incompetent servant, by whose offense the injury happened. A varied description of the negligence that occasions the injury and gives rise to the cause of action, is never of itself the statement of a new cause of action.

The demurrer to the plea was rightly sustained. Swift v. Foster, 55 Ill. App. 280; same case, 163 Ill. 50.

(For an interesting, and sometimes, instructive opinion upon causes of action and amendments to declarations, see Ellison v. Georgia R. R. Co., 87 Ga. 691.)

If, however, the plea of the statute of limitations to the count we have been last considering ought to have been upheld, it would not materially aid the appellant, if the declaration stated a good cause of action in another count, and the evidence applicable thereto were sufficient to sustain it.

If there be one good count in the declaration, and there be evidence enough applicable thereto to sustain the verdict, the judgment will be upheld, except for intervening errors of law. Ch. 110, Sec. 58, Rev. Stat., Hurd's Ed. of 1898; C. & A. R. R. Co. v. Anderson, 166 Ill. 572; Consolidated Coal Co. v. Scheiber, 167 Ill. 539.

We may, therefore, lay aside all consideration of Golden's incompetency as a gripman, set up by the second additional count, until the other counts and the case made under them shall be considered.

If appellee has fairly established by the evidence that Golden (though not an incompetent gripman) so negligently managed the train, of which he was the gripman, as to cause the injury complained of, that appellee was in the exercise of due care for his own safety, and did not contribute to the accident, and did not by his employment assume the risk of the accident, and that Golden and appellee were not fellow-servants, a case is made out under one or the other, or both, of the two remaining counts.

At the instance of appellant, there were submitted to the jury seven special questions, three of which bore directly upon the question of appellee's care of himself, and one upon whether he and Golden were fellow-servants.

Those interrogatories and the jury's answers thereto, were as follows:

" Fourth. According to the greater weight of the evidence was it necessary to the safe operation of his train for the plaintiff to adjust the draw-bars in question at the time and place of the accident?

Answer. Yes.

Sixth. In placing himself in the position that he did between the cars in question shortly before the accident, at the time and place and under the circumstances and his sur-

roundings, as shown by the evidence, and the time that he continued in such position, as shown by the evidence, was the plaintiff guilty of want of ordinary care and caution for his own personal safety?

Answer. No.

Twelfth.   Under the evidence, could the plaintiff by the exercise of ordinary care and prudence for his own personal safety, have avoided the injury in question?

Answer. No.

Thirteenth.   According to the greater weight of the evidence, were the gripman James Golden and the plaintiff fellow-servants in the service of the defendant at the time of the injury in question?

Answer.   No."

The general verdict was in harmony with the answers given by the jury to the special questions, and the evidence was ample to justify the answers to the "fourth," "sixth" and "twelfth" of such questions.

The answer to the "thirteenth" question, as to whether the relationship of fellow-servants existed between the appellee and Golden, is not so certainly right.

But whether or not, under given circumstances, different servants of a common master are fellow-servants, within the legal signification of that term, is well settled, in Illinois, to be a question of fact for the jury, except where, upon conceded facts or conclusive or uncontradicted evidence, the court may say that all reasonably intelligent minds must arrive at the same conclusion, when, in such cases, the question would become one of law.   If different minds may honestly draw different conclusions from the proved facts and legitimate inferences to be drawn therefrom, a case exists for the jury to act upon.

It is the duty of the court to define and instruct the jury as to what in law constitutes the relationship of fellow-servants, but whether the circumstances of a given case fall within the rule of law so laid down, is a question of fact for the jury, unless where, as above said, the proved or conceded facts are so clear as to make the question one of law only.

The three late cases, C. & E. I. R. R. Co. v. Driscoll, 176

Ill. 330; C. & A. R. R. Co. v. Swan, 176 Ill. 424, and West-ville Coal Co. v. Schwartz, 177 Ill. 272, are all that need to be referred to in such connection.

The rule of law in this State, based upon the Moranda case (93 Ill. 302), stated in C. & E. I. R. R. Co. v. Kneirim, 152 Ill. 458, is that " Where one servant is injured by the negligence of another servant, where they are directly co-operating with each other in a particular business in the same line of employment, or their duties being such as to bring them into habitual association, so that they may exer-cise a mutual influence upon each other promotive of proper caution, and the master is guilty of no negligence in employing the servant causing the injury, the master is not liable."

And the rule, so stated, was last approved in C. & A. R. R. Co. v. Swan, *supra*, where it was held that the qualifying words, "so that they may exercise a mutual influence upon each other promotive of proper caution," applies to the first test, " where they are directly co operating with each other in a particular business in the same line of employment," as well as to the second test, where " their duties being such as to bring them into habitual association."

It necessarily follows, as held in the Moranda case, and in Joliet Steel Co. v. Shields, 134 Ill. 209, and other cases, that where servants are not so co-operating or brought into association, or, in other words, where one servant is injured by the negligence of another servant of the common master but not within the above description or definition of fellow-servant, the master is liable.

There was very little conflict in the evidence on this point, although there is opportunity for a wide difference in the inferences to be drawn therefrom. Besides the circumstances already stated, that appellee was conductor of one train and Golden was gripman of another and independent train, both serving the same master, there was evidence tending to show that about a thousand other men worked for appel-lant, either as conductors or gripmen, upon the same line of road; that there were a great many trains run; that there was

not necessarily any association between the men constituting the crew of one train and those of another; that the train hands frequently changed, and there was no regularity in their association on trains, or in the order in which trains or crews followed one another; that appellee had worked for appellant as a conductor for fifteen or sixteen months, and on this particular line or division of the road for about six months, and that he and Golden had never worked upon the same train and were personally unacquainted.

It was upon such evidence, in part, that the jury acted in determining whether or not the relationship of fellow-servants existed between the appellee and Golden, and we can not fairly say their conclusion was a mistaken one.

The questions of whether the accident was due to the negligence of Golden, whether appellee was guilty of contributory negligence, by a failure to exercise ordinary care for his own safety, or otherwise, and whether there was an assumption of risk by appellee, were all found in favor of appellee, by necessary intendment of the verdict.

We have examined the record with great care upon each one of such questions, and we agree with the jury and trial judge concerning them. Under the evidence there can be but little hesitation in holding that the jury decided all such questions rightly.

In view of what has been said, we need not consider further, either the evidence or appellant's refused instructions, concerning the incompetency of Golden as a gripman. The judgment does not depend upon that aspect of the case.

Nor was there any substantial or harmful error in regard to other instructions, unless in the respect hereinafter to be discussed.

The remarks of counsel in argument to the jury are much complained of, and from an ethical standpoint ought to be condemned. Although the trial judge is, as a general rule, the proper protector of the rights of litigants from abuses in such respects, this court will not hesitate, when in close cases the necessity arises, to perform the duty which the court below should have performed. We have done it

before and will do it again if necessary. But the abuse of discretion vested in the trial judge can not be clearly seen to have been so harmful in this case as to call for us to reverse the judgment on that account. W. C. St. R. R. Co. v. Annis, 165 Ill. 475.

The judgment upon the verdict, for $16,500, is for a large sum, but it would be mere guesswork for us, under the evidence, to say how much less a sum would be full compensation. Appellee was forty-five years old when hurt. He was in good health and vigor before. His wages were from $80 to $90 a month. He had previously been a farmer, an employe in a country lumber yard, a postmaster for one term in a small village, and seems by experience and capacity to have had before him the prospects of the average American who has to make his own career. It may be true that his capacity for every kind of employment has not been destroyed, but, from the evidence, we believe it has been for all time so seriously impaired, and his ability to get ahead in life so fully ended that the judgment should not be disturbed because of being excessive, only.

The appellant asked an instruction as follows:

"The jury are instructed that they can not allow the plaintiff for any expenses for medical attendance up to date," which the court modified by adding thereto, "unless such, if any, as has been shown by the evidence to have been necessarily expended and incurred," and, as modified, gave it.

In both, the first and second additional counts to the declaration, it was alleged that the appellee "was compelled and did lay out divers large sums of money, amounting to, to wit, $500, in and about endeavoring to be cured," etc.

Perhaps the only medical treatment rendered to appellee, except such as was inferentially done by friends at home, was in hospital, and there was no evidence that such treatment ever cost appellee anything or that he incurred any liability therefor. There is an inference from appellee's testimony, that he paid, or incurred debt, for the med-

icines used by him after leaving the hospital, but that is all. We think the instruction should have been given without the modification, but inasmuch as the only possible effect of the modification was to enhance the damages by, perhaps, the amount alleged in the declaration as having been expended, we regard the error as susceptible of cure by remittitur.

We see nothing else in the record to require particular mention, although there are minor matters discussed in appellant's brief.

If appellee shall, within ten days, file in this court a remittitur of five hundred dollars, as of the date of the judgment, the judgment for the balance will be affirmed at appellee's costs; otherwise, the judgment will be reversed and the cause remanded. If remittitur entered, affirmed; otherwise reversed and remanded.