## Thomas McInerney, Administrator, Appellee, v. Western Packing & Provision Company, Appellant.

### Gen. No. 15,060.

1. INSTRUCTIONS—*when peremptory properly refused.* The refusal of a peremptory instruction is proper if uncontradicted the Appellate Court cannot say that all reasonable minds would arrive at the conclusion that the duty and negligence charged against defendant were not sustained by plaintiff's proofs at the close of the evidence in chief.

2. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly so.

3. NEGLIGENCE—*when declaration need not negative relation of fellow-servants.* If it appears upon the face of the declaration that the relation of fellow-servants did not exist between the plaintiff and the defendant's servants charged with negligence, the existence of such relationship need not be specifically negatived.

4. STATUTE OF LIMITATIONS—*when new cause of action not set up.* If the amended or additional count merely consists of a restatement of the cause of action set up in the original count or counts, a new cause of action is not set up to which the Statute of Limitations will apply.

5. MASTER AND SERVANT—*who not fellow servants.* *Held*, that a servant engaged in the business of wheeling ashes from beneath boilers was not a fellow-servant of employes in charge of said boiler.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed April 18, 1910. Rehearing denied May 2, 1910.

E. E. GRAY, F. J. CANTY and J. C. M. CLOW, for appellant.

THOMAS J. HEALY and JOHN A. BLOOMINGSTON, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment entered upon the verdict of a jury for $7,500 in an action brought by plaintiff against defendant under the statute for the use of the next of kin, for defendant's wrongfully causing the death of plaintiff's intestate.

Plaintiff's intestate, Lawler, was a laboring man in the employ of defendant, who was engaged in the business of slaughtering cattle. Lawler at and for some time previous to his death worked at "wheeling ashes" from underneath some boilers owned and operated night and day by defendant at its plant. Lawler worked with the "night shift". When taking away ashes he worked in a pit, the boilers being above

the pit.    Early in the morning of September 6, 1906, a water tube in a boiler over him burst and before he could be extricated from the pit he was so injured by steam and hot water escaping from the boiler, the tubes of which had exploded, that he died the same day. The cause went to the jury on the first count of the original declaration and the first count of the two counts filed by leave of court December 16, 1907.    The general issue was filed to both counts and a special plea of the statute of limitations to the latter count. Plaintiff demurred to the special plea, which demurrer the court sustained, and defendant elected to stand by the plea.    By the first count of the original declaration the duty of defendant and its negligence in not discharging such duty is alleged in the following words: "And it then and there became and was the duty of the defendant to keep the said boiler and flues in a reasonably safe condition, to prevent the same from bursting, and thereby to injure or kill persons who might be near to or in the vicinity of the same, yet the defendant did not regard its duty in this behalf, but on the contrary, by and through certain of its servants, negligently, wrongfully and carelessly caused or permitted the said boiler and flues to become unsafe."    In the first count filed December 16, 1907, the like duty and negligence of defendant is charged by the following averments:    "While the plaintiff's intestate was in the exercise of due care and caution for his own safety, was working in a certain then pit in front of the firebox of said boiler, the defendant negligently and carelessly suffered and permitted a certain then flue to be and become defective in this, to-wit, that the said flue at a certain portion thereof was negligently suffered and permitted to become thin and much thinner than other portions of the said flue, and much thinner than was usual and customary in such flues, all of which the defendant well knew, or in the exercise of reasonable inspection could have known, and of which plaintiff's intestate was ignorant and had no

opportunity of knowing, so that by reason of the negligence of the said defendant as aforesaid in furnishing said flue, which was then and there defective as aforementioned, said flue by reason of said defect aforementioned, then and there exploded, ruptured and blew out.''

Defendant argues for reversal that plaintiff did not make out a case which should have been submitted to the jury, but that its motions to instruct a verdict in its favor should have been allowed; that the demurrer to the plea of the statute of limitations was erroneously sustained; that the court erred in refusing to give certain instructions asked by defendant·containing reference to the ''fellow-servant'' doctrine, and for prejudicial conduct of plaintiff's counsel.

The liability of defendant is grounded on its duty to furnish Lawler a safe place in which to work, and its neglect so to do in negligently maintaining a boiler with a defective flue, which burst and resulted in Lawler's death. To maintain these propositions by a preponderance of the evidence was the burden of plaintiff. The whole evidence considered reveals a sharp conflict on these crucial questions. Uncontradicted, we cannot say that all reasonable minds would arrive at the conclusion that the duty and negligence charged against defendant were not sustained by plaintiff's proofs at the close of the evidence in chief. It therefore follows that a case had been made out calling for evidence from defendant to rebut. After defendant had introduced its evidence and rested its case, there was sufficient evidence calling for submission of the conflicts to the jury and to impose upon them the burden of solving the conflict and determining whether, all the evidence considered, plaintiff had sustained by a preponderance of the proof the material averments of either of the two counts forming the declaration on which the case was sent to the jury. The questions thus presented by the proofs were of fact for the jury and not of law for the court. We

are unable to say that the verdict is contrary to the preponderance or greater weight of the evidence and consequently do not think we are called upon to disregard it. The trial judge has accorded his assent to the correctness of the jury's conclusions by overruling defendant's motion for a new trial and in giving judgment upon the verdict; and we see no legal reason why we should record our dissent to the result thus reached. The flue in the boiler of defendant exploded, causing the death of Lawler. For such explosion Lawler was in no way the cause, nor for it was he in any manner responsible. No negligent act of his was the procuring cause, and nothing that he was obligated to do was omitted which could have averted the disaster. True it is that the boiler was procured from a reputable dealer and that tests of approved efficiency were applied to the flues, yet the fact remains that there was a weakness at the place in the flue which gave way, it being, of thinness, the one thirty-second of an inch, while the remainder of the metal was one-eighth of an inch thick. Whether the hydraulic tests or the hammer test were applied to the flue which burst, as well as whether one test was more efficient than the other, or the neglect to apply either in a sufficiently thorough way to make apparent the defect in the flue which resulted in the explosion, were all questions of fact to be solved by the jury, and it was for them to say whether the tests were so negligently made as to constitute negligence in defendant. Then again, the boiler was worked continuously night and day, without cessation, for six months prior to the accident. It was for the jury to say, from the proofs, whether the tests and inspection of the tubes in the boiler were of that character, during the time of operation, sufficient to absolve defendant from the charge of negligent operation. The tube which exploded was offered in evidence by defendant and comes with the record to this court. The jury had the advantage furnished by the appearance of this tube and therefrom and the

evidence in the record, coupled with their own experience, if any they had, could determine the fact as to what cause the explosion was attributable. We think the verdict is fairly supported by the proof, and that it is not contrary to its manifest weight. I. C. R. R. Co. v. Pricket, 109 Ill. App. 468, affirmed in 210 Ill. 140.

The first count of the declaration stated a cause of action, and the additional count did not state any new cause of action, but was simply a restatement in a different and more amplified form of the circumstances and the liability averred in the first count. It was not necessary to negative the fellow-servant doctrine by any averment of the declaration. It cannot be said that Lawler had necessarily any association with defendant's servants in charge of the boiler in the duty of "wheeling ashes" as would make him their fellow-servant, nor that he had anything whatever to do with the boiler or the flues in it. This sufficiently appears from the declaration. Those in charge of the boiler, and Lawler, were in no legal sense fellow-servants—no more so than the engineer of the train and the baggage man were fellow-servants in C. & A. v. Swan, 176 Ill. 424, where the court say: "Proof that one was a baggage man and the other an engineer would of itself justify the inference that they were not directly co-operating with each other in the business of running the train, and hence not fellow-servants under our rule." Railroad Co. v. Hawthorn, 147 Ill. 226.

The "fellow-servant" doctrine is not involved in this case, and the court properly refused all of defendant's instructions referring to that doctrine and directing the jury to apply it to the facts in proof. Siegel v. Trcka, 218 Ill. 567. The law of the case was sufficiently stated to the jury in the instructions given them, and there is no instruction proffered and refused calling for a reversal of the judgment. While counsel for plaintiff was indiscreet in his cross-examination of defendant's witness, Thomas Conroy, and

should not have asked the questions objected to, and while we in no way intend to be understood as condoning or sanctioning such conduct, still we think that a sufficient corrective was applied in the rebuke of the trial judge and the sustaining of the objection made by defendant, which eliminated it from the record. This conduct was not of such a prejudicial character as to justify a reversal of a judgment which, the whole case considered, does justice between the parties.

The record being free from reversible error, the judgment of the Superior Court is affirmed.

*Affirmed.*